IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE JACKSON, et al.,<br><br>*Plaintiffs*,<br><br>vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, et al.,<br><br>*Defendants*. | Case No.: 1:25-cv-01750-BAH |

**PLAINTIFFS' MOTION TO REINSTATE REPLY DEADLINE**

Earlier today, Chief Judge Boasberg issued a standing order granting extensions for "all filing and discovery deadlines imposed upon the United States, any of its federal agencies, and any of its officers or employees." Standing Order No. 25-55 (D.D.C. Oct. 1, 2025). Plaintiffs seek relief from that order on the facts of this case. Specifically, Plaintiffs seek reinstatement of the reply deadline for Defendants' motion to dismiss, which—because of multiple extensions previously requested by Defendants—was due to be filed this Friday, October 3, 2025. *See* Minute Order (Sep. 18, 2025). Counsel for Defendants has indicated that Defendants oppose.

This case arises from Defendants' decision earlier this year to fire 10,000 people from the U.S. Department of Health and Human Services (HHS) based on records that the agency knew were inaccurate. As outlined in the Complaint, these firings violated the Privacy Act, and Plaintiffs filed this class action lawsuit to vindicate their rights and the rights of thousands of other federal workers caught up in Defendants' unlawful conduct at HHS. The interests at stake weigh strongly in favor of adjudicating Plaintiffs' claims in a timely manner. And the Antideficiency Act allows

1

Defendants and their attorneys to continue litigating this case. Staying this litigation indefinitely, without a known or knowable end date, will only compound the harm that Plaintiffs and putative class members continue to suffer with each passing day.

Moreover, while Plaintiffs recognize that a lapse in appropriations could make it more difficult to complete *some* litigation tasks, filing a reply brief addressing purely legal issues is not one of them. That is particularly true given the more than 10 days Defendants have already had to work on the filing pursuant to Defendants' multiple extensions and the parties' agreed-upon schedule. Allowing Defendants to file their reply as the parties had previously agreed would make Defendants' motion to dismiss fully briefed and ripe for the Court's consideration. The Court should therefore grant Plaintiffs' motion to allow the parties to complete briefing on Defendants' motion to dismiss.

## ARGUMENT

### I. The Anti-Deficiency Act would allow Defendants to file their reply.

Although the Chief Judge's standing order created a default set of extensions for civil cases against the government, Defendants would be permitted under the Antideficiency Act to comply with their pre-existing reply deadline, should the Court grant Plaintiffs' motion, for two reasons.

*First*, Defendants are permitted to continue working if "authorized by law." 31 U.S.C. § 1342; *see also* 31 U.S.C. § 1341(a)(1)(B). According to DOJ, in the event of a lapse in appropriations, attorneys in civil litigation generally request stays. *See* U.S. Department of Justice FY 2026 Contingency Plan at 3 (Sept. 29, 2025) (hereinafter DOJ Contingency Plan).[1] But when "a court denies such a request and orders a case to continue," that order "constitute[s] express legal

---

[1] https://www.justice.gov/jmd/media/1377216/dl.

2

authorization for the activity to continue," and "the Government will comply with the court's order." *Id.*

The D.C. Circuit has adopted this interpretation. In *Kornitzky Group v. Elwell*, two judges concurring in the denial of a shutdown-related stay relied on this portion of a prior DOJ contingency plan in rejecting the government's request. 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring). Quoting from DOJ's directive, the judges explained: "If a court denies the request [for a stay] and adheres to its existing schedule, 'the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue' within the meaning of § 1342." *Id.* (citing DOJ's FY 2019 Contingency Plan). Based on this understanding, the judges concluded that moving the litigation forward as scheduled "is consistent with § 1342," and accordingly denied the government's request for a stay. *Id.* In doing so, the judges noted that the court of appeals did not grant "a single motion seeking a stay . . . during the 2013 shutdown," and the court's practice during the shutdown that was ongoing at the time "has been the same." *Id.* at 639.

For these reasons, courts in this district have previously denied shutdown-related stay requests by federal defendants. *See, e.g.,* Minute Order (Jan. 17, 2019), *Nat'l Women's Law Ctr. v. OMB*, No. 1:17-cv-02458 (D.D.C.) (denying federal defendants' motion to stay reply brief deadline in light of lapse in appropriations); Minute Order (Jan. 25, 2019), *Blumental v. Whitaker*, No. 1:18-cv-02664 (D.D.C.) (denying federal defendants' motion to stay proceedings in light of lapse of appropriations); Order at 2 (ECF No. 71), *New York v. U.S. Dep't of Labor*, No. 1:18-cv-01747 (D.D.C. Dec. 28, 2018) (denying government's motion to stay in light of ongoing lapse of appropriations, based in part on "the exceptional significance of this litigation for all involved"). This Court should similarly allow this case to continue.

3

***Second***, Defendants are permitted to continue working with respect to "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. As relevant here, DOJ has interpreted this provision to allow the continuation of activities "where there is a reasonable likelihood" that "the protection of property would be compromised, in some significant degree, by delay in the performance of the function in question." DOJ Contingency Plan at 1. Neglecting this putative class action for damages would significantly compromise the government's defense of public funds (misguided as that defense may be)—an independent reason that Defendants are authorized to meet their existing deadlines. *See Hussein v. Maait*, 129 F.4th 99, 119 (2d Cir. 2025) (noting that "[s]uits for damages to be paid from the public fisc" necessarily implicate "'the sovereign's property'" (quoting *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 687 (1949)).

For these reasons, Defendants' counsel would be permitted to file their reply as previously scheduled.

## II. The nature of Plaintiffs' claims weigh in favor of submitting Defendants' motion to dismiss for the Court's consideration.

Notwithstanding the default extensions that apply to all civil cases, Plaintiffs request that, in the circumstances present here, Defendants be required to file their reply on October 3 as previously scheduled.

This is a case of great importance. As many as 10,000 people who served this country are seeking recourse for their blatantly unfair terminations, based on records the government has itself characterized as inaccurate. *See* Compl. ¶¶ 1, 9. Plaintiffs and putative class members continue to suffer ongoing harm as a result of Defendants' unlawful terminations. With every day that passes, separated workers suffer lost wages and missing job benefits, incur costs to treat physical, emotional and mental conditions caused by losing their jobs, and continue to face diminished

4

earning capacity and employment prospects as they look for new work. *See, e.g.*, Compl. ¶¶ 113, 117, 122, 126, 129. It is only once these injuries have been recognized and redressed that Plaintiffs and putative class members will be able to close this painful chapter in their careers and move on fully with their lives.[2]

The irony, unfortunately, is that the current shutdown does not appear to have stopped Defendants and other federal agencies from continuing their campaign against federal workers. Indeed, at least some Defendants appear to be using the shutdown as an opportunity to carry out more mass firings and terminations,[3] learning no lessons from their rushed, error-laden efforts at HHS. If a government shutdown does not slow down indiscriminate layoffs, it should not slow down the litigation holding the government accountable for the way they conduct those layoffs.

\*   \*   \*

For all of these reasons, Plaintiffs respectfully request that the Court grant their motion and reinstate Defendants' deadline to file the reply in support of their motion to dismiss by October 3, 2025.

Dated: October 1, 2025　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　 */s/ Clayton L. Bailey*

　　　　　　　　　　　　　　　　　　　　　　Clayton L. Bailey (DC Bar No. 1644867)
　　　　　　　　　　　　　　　　　　　　　　Jessica Merry Samuels (DC Bar No. 1552258)
　　　　　　　　　　　　　　　　　　　　　　**Civil Service Law Center LLP**

---

[2] Even in the face of these challenges, Plaintiffs have consented, as a matter of professional courtesy, to two prior extension requests by Defendants. *See* ECF Nos. 10, 13. That courtesy should not be held against them in the form of a new, indefinite stay.

[3] *See, e.g.*, Sophia Cai, "White House to agencies: Prepare mass firing plans for a potential shutdown," *Politico* (Sept. 24, 2025), https://www.politico.com/news/2025/09/24/white-house-firings-shutdown-00579909.

1325 G Street NW, Suite 500, PMB 801
Washington, DC 20005
(202) 571-7836
cbailey@civilservicellp.com