IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE JACKSON, *et al.*, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:25-cv-1750-BAH |

**OPPOSITION TO PLAINTIFFS' MOTION TO REINSTATE REPLY DEADLINE**

Defendants respectfully oppose Plaintiffs' motion to reinstate the reply deadline, ECF No. 15 ("Mot.").[1] Plaintiffs' motion should be denied for two reasons.

*First*, both undersigned counsel and agency counsel are unable to work on the matter, even on a voluntary basis, by statutory limitation. *See* 31 U.S.C. §§ 1341-42. This Court's district-wide standing order recognizes as much. *See* Standing Order No. 25-55 (D.D.C. Oct. 1, 2025). For this reason, Plaintiffs' observation that this provision does not apply if this Court were to deny a request for a stay is irrelevant: a district-wide stay has already been entered here. *See id.* Nor does this case present "emergencies involving the safety of human life or the protection of

---

[1] Defendants requested that Plaintiffs include the following as Defendants' position in their motion: "Defendants oppose the motion for an exception to the Court's Order of October 1, 2025, during a lapse in appropriations for the Department of Justice. Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances not applicable to this case. *See* 31 U.S.C. §§ 1341-42. The Court's order recognizes that this statutory limitation prevents counsel for Defendants from working on this matter until Congress has restored appropriations to the Department. Defendants respectfully regret any disruption that this causes." Because Plaintiffs declined to comply with that request, Defendants were required submit this opposition.

property." 31 U.S.C. § 1342. Plaintiffs note that their claim implicates the public fisc, which is property, but Plaintiffs make no effort to show their case presents an *emergency* concerning that property. For the same reason that monetary harm is almost never irreparable, *see, e.g.*, *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough" to establish irreparable harm), Plaintiffs' Privacy Act claims for monetary damages do not present an emergency as § 1342 requires.

*Second*, Plaintiffs' conduct to date in this litigation belies their sudden claims of urgency. Plaintiffs joined a motion to extend Defendants' responsive pleading deadline *and* to stay indefinitely Plaintiffs' deadline under Local Civil Rule 23.1(B) to move for class certification. The indefinite stay of Plaintiffs' deadline under Local Civil Rule 23.1(B) will delay resolution of this case by far longer than any stay for the duration of a lapse in appropriations. And any harm that Plaintiffs suffer now can be remedied (if their claims are meritorious) by monetary damages at final judgment. *See Chaplaincy of Full Gospel Churches*, 454 F.3d at 297.

Dated: October 1, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Alexander W. Resar*
ALEXANDER W. RESAR (N.Y. Bar 5636337)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L ST. N.W.
Washington, DC 20005
Tel: (202) 616-8188
alexander.w.resar@usdoj.gov

*Counsel for Defendants*