IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE JACKSON, et al.,<br><br>  *Plaintiffs*,<br><br>vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, et al.,<br><br>  *Defendants*. | Case No.: 1:25-cv-01750-BAH |

**PLAINTIFFS' RENEWED MOTION TO REINSTATE REPLY DEADLINE**

  Plaintiffs respectfully renew their motion to reinstate Defendants' deadline to file a reply in support of their pending motion to dismiss. Almost two weeks ago, the Court denied Plaintiffs' first motion, without prejudice, "given that defendants' counsel 'are generally prohibited, with limited exceptions, from working during the pendency of the lapse of appropriations, even on a voluntary basis.'" Minute Order (Oct. 2, 2025) (quoting Oct. 1, 2025 Standing Order No. 25-55 (Boasberg, C.J.)). New circumstances have arisen that demonstrate this case fits into the "limited exceptions" noted by the Court. Plaintiffs contacted counsel for Defendants earlier today but were unable to obtain Defendants' position by the time of filing. Plaintiffs will serve this motion according to the procedures set forth in the Chief Judge's standing order.

  1. On the evening of Friday, October 10, HHS conducted another Reduction in Force (RIF), notifying hundreds of employees (nearly half of them, it turns out, by mistake) that they were being laid off. To do so, the government called back human resources staff who had been

1

furloughed due to the ongoing lapse in appropriations.[1] This followed from a determination by the Office of Management and Budget and the U.S. Office of Personnel Management—both Defendants in this case—that "agencies are authorized to direct employees to perform work necessary to administer the RIF process during the lapse in appropriations as excepted activities."[2]

The government has thus determined that RIF-related work falls within the "limited exceptions" for which government employees are permitted to work during a shutdown. This case arises from Plaintiffs' claims that Defendants used blatantly inaccurate personnel records in choosing who to include in their April RIF of 10,000 employees. *See* Compl. ¶ 1, ECF No. 1. Because, according to the government, RIF-related work qualifies as excepted activity, Defendants' reply deadline in this case should be reinstated.

2. The startling similarities between the latest RIF and the allegations in Plaintiffs' complaint underscores the point. Days ago, in the shutdown RIF, HHS notified "approximately 1,760 employees" that they were being terminated. Decl. Thomas J. Nagy Jr. ¶ 3, No. 3:25-cv-08302-SI (N.D. Cal. Oct. 10, 2025), ECF No. 39 (attached as Exhibit 1). Shortly after employees received their RIF notices, the agency determined that almost half of the terminations were done by mistake based on what an agency spokesperson called "a coding error."[3] HHS confirmed in a sworn declaration that 778 of the 1,760 employees who received RIF notices received them

---

[1] *The Trump administration lays off dozens of CDC officials*, NY Times (Oct. 11, 2025), https://www.nytimes.com/2025/10/11/us/politics/trump-administration-cdc-layoffs.html?smid=url-share.

[2] U.S. Office of Personnel Management, *Special Instructions for Agencies Affected by a Possible Lapse in Appropriations Starting on October 1, 2025* at 10, https://www.opm.gov/policy-data-oversight/pay-leave/reference-materials/special-instructions-for-agencies-affected-by-a-possible-lapse-in-appropriations-starting-on-10-1-2025/; U.S. Office of Personnel Management, *Guidance for Shutdown Furloughs* at 50 (Sept. 2025), https://www.opm.gov/policy-data-oversight/pay-leave/reference-materials/guidance-for-shutdown-furloughs-sep-28-2025/?.

[3] *More than half of CDC staffers recently fired by Trump administration have been reinstated*, CNN (Oct. 12, 2025), https://www.cnn.com/2025/10/12/health/fired-cdc-staffers-reinstated.

mistakenly due to "data discrepancies and processing errors." Ex. 1 ¶ 3. Those affected by these errors included "the top two leaders of the federal measles response team, those working to contain Ebola in the Democratic Republic of Congo, members of the Epidemic Intelligence Service, and the team that assembles the C.D.C.'s vaunted scientific journal, The Morbidity and Mortality Weekly Report."[4]

The manner in which HHS conducted these layoffs reveals that Defendants have failed to fix the "hopelessly error-ridden" personnel records underlying Plaintiffs' claims here. *See* Compl. ¶ 1. Instead, HHS appears to be repeating many of the same problems that Plaintiffs identified in this case and continuing to use those records to terminate people in ways that likely violate the Privacy Act. As before, agency officials have publicly admitted that employees were mistakenly included due to issues in the underlying records. *Id.* ¶ 9. And, just like last time, the agency failed to take steps to fix their flawed data before notifying employees they were being laid off. *Id.* ¶ 64.

3. Plaintiffs certainly wish that they could file a motion for a preliminary injunction, already excepted from the Chief Judge's standing order, in an effort to prevent the government from continuing to terminate thousands of federal workers without fair consideration of accurate and complete records as required by the Privacy Act. Plaintiffs' lives have already been upended, and it appears that Defendants are in the process of firing more federal workers under similar circumstances. But injunctive relief is not available under the Privacy Act. *See* 5 U.S.C. § 552a(g)(1)(4). In the absence of that procedural avenue, Plaintiffs have sought expedited treatment pursuant to 28 U.S.C. § 1657(a), Compl. at 45, and they have consented only to

---

[4] *Trump Administration Is Bringing Back Scores of C.D.C. Experts Fired in Error*, NY Times (Oct. 11, 2025), https://www.nytimes.com/2025/10/11/health/cdc-layoffs-measles.html.

reasonable extension requests by the government, including in circumstances like religious holidays.[5] Plaintiffs are moving as quickly as the rules allow.

With no end in sight to the current lapse in appropriations, Plaintiffs nevertheless deserve timely access to the courts. In appropriate circumstances, courts in this District have granted case-specific relief from the Chief Judge's standing order, allowing litigation involving the government to continue. *See* Minute Order, *Protect Democracy Project v. OMB*, No. 1:25-cv-01111 (D.D.C. Oct. 10, 2025); Minute Order, *AFGE v. Dep't of Education*, 1:25-cv-03553 (D.D.C. Oct. 9, 2025); Minute Order, *League of Latin American Citizens v. Executive Office of the President*, No. 1:25-cv-00946 (D.D.C. Oct. 7, 2025); Minute Order, *United States v. Google LLC*, No. 1:20-cv-3010 (D.D.C. Oct. 2, 2025). Plaintiffs ask for the same relief here. Such an order would—in addition to the RIF exception already relied upon by the government—permit the government to continue litigation activities under the "authorized by law" exception to the Antideficiency Act. *See* 31 U.S.C. § 1342; *Kornitzky Group v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring).

\* \* \*

In short, if conducting a RIF is permitted during a shutdown, so too is defending the agency in related litigation. For these reasons, Plaintiffs request that Defendants' reply deadline be reset for Monday, October 20, 2025, or as soon as the Court deems practicable.

---

[5] Defendants fault Plaintiffs for seeking a stay of the class certification deadline set by Local Rule 23.1(b), which Defendants claim will also delay the case. *See* Defs.' Opp'n Pls.' Mot. Reinstate Reply Deadline at 2, ECF No. 16. Whether that is true would require speculation; a motion for class certification is not, after all, a dispositive motion. But to the degree there is a delay, it will be a necessary one, born of the need for discovery to fairly resolve the question, not from inattentiveness by Plaintiffs' counsel.

Dated: October 15, 2025            Respectfully submitted,

           */s/ Clayton L. Bailey*

Clayton L. Bailey (DC Bar No. 1644867)
Jessica Merry Samuels (DC Bar No. 1552258)
**Civil Service Law Center LLP**
1325 G Street NW, Suite 500, PMB 801
Washington, DC 20005
(202) 571-7836
cbailey@civilservicellp.com

5