**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CATHERINE JACKSON, MELISSA ADAMS, CARRIE GREENE, VID DESAI, SHAWN CHENAULT, BRENDAN DEMICH, and FONDA KORNEGAY, individually, and on behalf of all others similarly situated,

*Plaintiffs*,

vs.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*,

*Defendants*.

Case No.: 1:25-cv-01750

**JOINT MEET AND CONFER REPORT**

Pursuant to the Court's January 22, 2026, Order (ECF No. 20), Judge Howell's Standing Order (ECF No. 5 ¶ 4), and Local Civil Rule 16.3, the Parties submit this Joint Meet and Confer Report following their meet and confer on February 18, 2026. The Parties set forth below their joint position on issues where they were able to reach agreement, and their respective positions where they were not. Attached hereto are Plaintiffs' and Defendants' Proposed Scheduling Orders in accordance with Local Civil Rule 16.3(d).

## I. Nature of the Case

Plaintiffs—seven workers impacted by the U.S. Department of Health and Human Services (HHS) April 1, 2025, reduction-in-force—filed this putative class action lawsuit for alleged violations of the Privacy Act of 1974, 5 U.S.C. § 552a. Plaintiffs allege HHS, U.S. DOGE Service (USDS), the U.S. Office of Personnel Management (OPM), and the Office of Management and Budget (OMB) violated multiple provisions of the Privacy Act of 1974. *See* ECF No. 1.

Defendants moved to dismiss, ECF No. 12, which the Court partially granted and partially denied, ECF No. 21.

## II. Jurisdiction and Venue

The Court held in its January 22, 2026, Memorandum Opinion (ECF No. 21) that it has jurisdiction under both 28 U.S.C. § 1331 and 5 U.S.C. § 552a(g)(1). Plaintiffs allege that venue is proper in the District Court for the District of Columbia under 5 U.S.C. § 552a(g)(5). Plaintiffs allege that sovereign immunity is waived by 5 U.S.C. § 552(g). Plaintiffs seek damages and declaratory relief, as well as reasonable costs and attorney's fees. Defendants reserve all rights.

## III. Local Rule 16.3 and Federal Rule of Civil Procedure 26 Matters

### (1) Likelihood of Disposition by Dispositive Motions *(Local Civil Rule 16.3(c)(1); Federal Rule of Civil Procedure 26(f)(2))*

The Court has already denied Defendants' motion to dismiss under Rule 12(b)(1) and 12(b)(6) (ECF No. 21). There are no other dispositive motions pending, so the case should proceed according to one of the below Proposed Case Schedules. *See* Minute Order, July 11, 2025.

### (2) Amendment of Pleadings, Joinder, Narrowing Issues *(Local Civil Rule 16.3(c)(2))*

Although Plaintiffs reserve all rights to seek leave to amend their Complaint, no deadline is currently necessary. The Parties agree that no factual or legal issues can be agreed upon or narrowed at this time.

### (3) Assignment to Magistrate Judge *(Local Civil Rule 16.3(c)(3))*

The Parties do not agree to assign this case to a magistrate judge for the purposes of trial.

**(4) Possibility of Settlement** *(Local Civil Rule 16.3(c)(4); Federal Rule of Civil Procedure 26(f)(2))*

The Parties agree that settlement is not likely at this stage of the case, but are open to settlement discussions pending future case developments.

**(5) Benefit from Alternative Dispute Resolution Procedures** *(Local Civil Rule 16.3(c)(5); Federal Rule of Civil Procedure 26(f)(2))*

The Parties have discussed ADR options with their clients, and the Parties do not presently see a benefit to participating in the Court's ADR procedures at this stage of the case.

**(6) Resolution by Summary Judgment or Motion to Dismiss** *(Local Civil Rule 16.3(c)(6); Federal Rule of Civil Procedure 26(f)(2))*

The Court has already ruled on Defendants' Motion to Dismiss. *See* ECF Nos. 20, 21. The Parties each propose a summary judgment briefing schedule in the below Proposed Case Schedules. Plaintiffs believe it is unlikely that this case will be disposed of on motions for summary judgment. Defendants believe it is likely that this case will be disposed of on motions for summary judgment.

**(7) Stipulations Regarding Initial Disclosures** *(Local Civil Rule 16.3(c)(7); Federal Rule of Civil Procedure 26(f)(2), (3)(A), (3)(B), (3)(E))*

The Parties disagree about the timing and scope of discovery.

Plaintiffs' position is that discovery should begin now, and that Defendants' request to stay all discovery pending immediate briefing on class certification is unjustified. Class certification and the underlying merits are closely intertwined and will involve overlapping discovery, including common decisionmakers and related issues of causation and record accuracy. This is common. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) ("The class determination generally

involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." (cleaned up)); *Burton v. D.C.*, 277 F.R.D. 224, 230 (D.D.C. 2011) (Howell, J.) ("The Supreme Court's ruling in Wal–Mart confirms that pre-certification discovery should ordinarily be available where a plaintiff has alleged a potentially viable class claim."). Further, regardless of whether Plaintiffs are successful at class certification, the Named Plaintiffs will be entitled to substantially similar discovery, so there is no efficiency interest in delaying discovery. Plaintiffs therefore propose to complete merits and class discovery concurrently. Plaintiffs propose a discovery schedule that begins immediately in their below Proposed Case Schedule, including initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Plaintiffs have long previewed the importance of pre-certification discovery, *see* ECF No. 10 at 2, and if Defendants wished to challenge Plaintiffs' class allegations on the pleadings, they should have made those arguments at the motion-to-dismiss stage.

Defendants believe that no class discovery is necessary and that the case should proceed immediately to briefing regarding class certification with merits discovery occurring after this Court has ruled on class certification. The Federal Rules of Civil Procedure instruct that class certification should be addressed "[a]t an early practicable time." Fed. R. Civ. Pro. 23(c)(1). They further allow for permissive interlocutory appeal, in part because class-wide discovery can be so onerous as to be prohibitive, "forc[ing] a defendant to settle rather than incur the costs of defending a class action." Fed. R. Civ. Pro. 23(f); Committee Notes on Rules – 1998 Amendment. This Court has stayed discovery pending an appeal brought under Fed. R. Civ. Pro. 23(f) because the outcome of that appeal would "significantly impact the scope of discovery." *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 5–6 (D.D.C. 2002). So too here, where the outcome of class certification is the difference between discovery on issues pertaining to seven named

plaintiffs and discovery on 10,000 possible class members, including thousands of people who, if class certification is denied, would not be parties to this litigation.

Proceeding immediately to class certification will be the most efficient approach for both the Court and the Parties, as class certification has the potential to substantially limit the scope of the case and affect the chances of settlement. Defendants do not believe that class discovery is necessary, but should this Court order class discovery, any such class discovery should be limited in nature. Defendants have proposed a discovery schedule in the below Proposed Case Schedule, including initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**Discovery** *(Local Civil Rule 16.3(c)(8); Federal Rule of Civil Procedure 26(f)(2), (3)(B), (3)(E))*

As discussed in the prior section, the parties disagree about the timing and scope of discovery. Plaintiffs believe the case should proceed into fact discovery now, which will inform the Parties' class certification briefing.

Defendants oppose any class discovery. If this Court orders class discovery, Defendants believe that any such discovery should be limited to the elements of Fed. R. Civ. Pro. 23(a) and should not include discovery into the merits of individual putative class members' claims. If this Court orders class discovery, Defendants propose that no depositions are necessary or advisable and that class discovery should be limited to written discovery.

The Parties agree that, as to merits discovery, the Federal Rules of Civil Procedure and Local Rules of this Court govern the proper limits on discovery, without the need for any modifications. The Parties agree that some disclosures may need to be made pursuant to a protective order, and will submit a joint motion for entry of a protective order by the exchange of Rule 26(a)(1) initial disclosures if the Parties are able to reach agreement regarding its terms.

Otherwise, any Party may move the Court for entry of a protective order. The Parties each propose a discovery schedule in the below Proposed Case Schedules.

**(8) ESI Protocols** *(Local Civil Rule 16.3(c)(9); Federal Rule of Civil Procedure 26(f)(2), (3)(C))*

The Parties agree that the exchange of discovery in this case will include electronically stored information ("ESI") and have been advised by their respective counsel to preserve all relevant, reasonably accessible ESI. The Parties will meet and confer to establish a reasonable ESI search and production protocol at a later date.

**(9) Privilege** *(Local Civil Rule 16.3(c)(10); Federal Rule of Civil Procedure 26(f)(2), (3)(D))*

The Parties agree that any privilege issues should be addressed on a case-by-case basis in accordance with applicable rules. The Parties agree to produce a privilege log in the event they assert claims of privilege in response to any discovery request for documents. Pursuant to Local Civil Rule 16.3(c)(10) and Federal Rule of Evidence 502(d), the Parties jointly request a court order that privileged documents produced inadvertently shall not constitute a waiver of any applicable privilege so long as the producing party timely requests a clawback of the privileged document.

**(10) Expert Witnesses** *(Local Civil Rule 16.3(c)(11); Federal Rule of Civil Procedure 26(f)(2), (3)(A), (3)(E))*

The Parties agree that, other than scheduling, the Federal Rules of Civil Procedure and Local Rules of this Court govern the proper limits on expert discovery, without the need for any modifications. The Parties each propose a modified expert discovery schedule in the below Proposed Case Schedules.

**(11) Class Actions** *(Local Civil Rule 16.3(c)(12))*

Plaintiffs intend to move for class certification following merits and pre-certification discovery, as discussed above. Class expert discovery may be necessary as part of that briefing. The Parties each propose a class certification briefing schedule in the below Proposed Case Schedules.

Defendants do not believe that class discovery, including class expert discovery, is necessary and ask this Court to order that the Parties immediately proceed to briefing on class certification.

**(12) Bifurcation of Trial or Discovery** *(Local Civil Rule 16.3(c)(13); Federal Rule of Civil Procedure 26(f)(3)(B))*

Plaintiffs presently believe that no bifurcation of discovery is appropriate, for the reasons discussed above, but reserve their rights to make such a request as to a trial on the merits pursuant to the Court's pre-trial motion rules and schedule.

Defendants do not believe that class discovery is necessary, but Defendants request that this Court bifurcate merits discovery from any class discovery that this Court orders.

**(13) Pretrial Conference** *(Local Civil Rule 16.3(c)(14))*

The Parties agree that no firm date for the pretrial conference should be set at this time. The Parties propose a dispositive and expert motion briefing schedule in the below Proposed Case Schedule, followed by a pretrial conference.

**(14) Firm Trial Date** *(Local Civil Rule 16.3(c)(15))*

The Parties agree that no firm trial date should be set at this time. Instead, the Parties agree that a trial date should be set at the pretrial conference.

**(15) Other Matters** *(Local Civil Rule 16.3(c)(16); Federal Rule of Civil Procedure 26(f)(3)(F))*

The Parties do not anticipate other matters to be included in the Court's Scheduling Order. The Parties will work in good faith to negotiate and limit any discovery disputes before raising them with the Court.

## IV. Proposed Case Schedule

Each Party's respective Proposed Case Schedule is below:

| **Plaintiffs' Proposed Schedule** | |
|---|---|
| **Event** | **Actual or Proposed Deadline** |
| Joint Meet and Confer Report | February 20, 2026 |
| Answer to Complaint | February 20, 2026 |
| Exchange of Rule 26(a)(1) Initial Disclosures | March 20, 2026 (4 weeks from Answer) |
| Close of Fact Discovery (including answers to interrogatories, document production, requests for admissions, and fact depositions) | September 21, 2026 (6 months from Initial Disclosures) |
| Class Certification<br>1. Motion for Class Certification and Plaintiffs' Class Expert Disclosures<br>2. Opposition to Motion for Class Certification<br>3. Reply in support of Motion for Class Certification<br>4. Hearing on Motion for Class Certification | 1. September 21, 2026 (6 months from Initial Disclosures)<br>2. November 5, 2026 (45 days after Class Certification Motion deadline)<br>3. November 30, 2026 (~21 days after Opposition deadline and accounting for Thanksgiving)<br>4. January 8, 2027 (~30 days after Reply deadline and accounting for holidays) |

| **Plaintiffs' Proposed Schedule** | |
|---|---|
| **Event** | **Actual or Proposed Deadline** |
| Merits Expert Discovery<br>1. Opening Expert Reports<br>2. Rebuttal Expert Reports<br>3. Close of Merits Expert Discovery, including depositions | <br>1. December 14, 2026<br>2. January 13, 2027 (30 days from opening disclosures)<br>3. February 12, 2027 (30 days from rebuttal disclosures) |
| Dispositive and Expert Motions<br>1. Opening Motion(s)<br>2. Opposition to Opening Motion(s)<br>3. Reply in support of Opening Motion(s)<br>4. Hearing on Dispositive and/or Expert Motion(s) | <br>1. 45 days after the close of all discovery<br>2. 30 days after Opening Motion deadline<br>3. 21 days after Opposition deadline<br>4. 30 days after Reply deadline |
| Final Pre-Trial Conference | 45 days after the Court's disposition of all Dispositive and Expert Motions |
| Trial | To be set at Pre-Trial Conference per Local Civil Rule 16.3(c)(5) |

| **Defendants' Proposed Schedule** | |
|---|---|
| **Event** | **Actual or Proposed Deadline** |
| Joint Meet and Confer Report | February 20, 2026 |
| Answer to Complaint | February 20, 2026 |
| Class Certification<br>1. Motion for Class Certification and Plaintiffs' Class Expert Disclosures<br>2. Opposition to Motion for Class Certification<br>3. Reply in support of Motion for Class Certification | <br>1. April 27<br>2. June 11<br>3. July 2 |

| Defendants' Proposed Schedule | |
|---|---|
| **Event** | **Actual or Proposed Deadline** |
| 4. Hearing on Motion for Class Certification | 4. August 3 or at the Court's convenience |
| Exchange of Rule 26(a)(1) Initial Disclosures | 14 days after the Court's decision on Class Certification |
| Close of Fact Discovery (including answers to interrogatories, document production, requests for admissions, and fact depositions) | 6 months from the Court's decision on Class Certification |
| Merits Expert Discovery<br>1. Opening Expert Reports<br>2. Rebuttal Expert Reports<br>3. Close of Merits Expert Discovery, including depositions | 1. 7 days after the Close of Fact Discovery<br>2. 30 days from Opening Expert Reports<br>3. 30 days from Rebuttal Expert Reports |
| Dispositive and Expert Motions<br>1. Opening Motion(s)<br>2. Opposition to Opening Motion(s)<br>3. Reply in support of Opening Motion(s)<br>4. Hearing on Dispositive and/or Expert Motion(s) | 1. 45 days after the close of all discovery<br>2. 30 days after Opening Motion deadline<br>3. 21 days after Opposition deadline<br>4. 30 days after Reply deadline |
| Final Pre-Trial Conference | 45 days after the Court's disposition of all Dispositive and Expert Motions |
| Trial | To be set at Pre-Trial Conference per Local Civil Rule 16.3(c)(5) |

Dated: February 20, 2026

Respectfully submitted,

*/s/ Margaret (Emmy) Wydman*

Margaret (Emmy) Wydman (DC Bar No. 9007646)
Clayton L. Bailey (DC Bar No. 1644867)

**Civil Service Law Center LLP**
1455 Pennsylvania Ave NW, Suite 400
Washington, DC 20004
(202) 571-7840
ewydman@civilservicellp.com
cbailey@civilservicellp.com

*Counsel for Plaintiffs*

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Brittany S. Bruns*

BRITTANY S. BRUNS (DC Bar No. 1658394)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L ST. N.W.
Washington, DC 20005
Tel: (202) 531-1325
brittany.s.bruns@usdoj.gov

*Counsel for Defendants*