# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CATHERINE JACKSON, *et al.*, individually
and on behalf of all others similarly situated

*Plaintiffs*,

*v.*

ROBERT F. KENNEDY, JR., in his official
capacity as Secretary of Health and Human
Services, *et al.*,

*Defendants*.

Civil Action No. 1:25-cv-1750-BAH

## ANSWER

Defendants[1] United States Department of Health and Human Services (HHS), Office of

Management and Budget (OMB), United States DOGE Service, United States DOGE Service

Temporary Organization (together with United States DOGE Service, USDS), United States

Office of Personnel Management (OPM), Administration for Children and Families (ACF), United

States Food and Drug Administration (FDA), and Centers for Disease Control and Prevention

(CDC), answer the complaint filed by Catherine Jackson, Melissa Adams, Carrie Greene, Vid

Desai, Shawn Chenault, Brendan Demich, and Fonda Kornegay, ECF No. 1, as follows:

1.          As to the first sentence of paragraph 1, Defendants admit that reduction in force

("RIF") notices were sent to a number of federal workers employed in HHS on or about April 1,

2025.  As to the second sentence of paragraph 1, Defendants admit that HHS shared Agency RIF

and Reorganization Plans (ARRPs) with OMB but deny that HHS shared personnel records with

---

[1] The Court dismissed Plaintiffs' claims against Defendants Robert F. Kennedy, Jr., Russell Vought, Elon Musk, Amy
Gleason, Charles Ezell, Andrew Gradison, Martin Makary and Susan Monarez.  *See* Order, ECF No. 20.

OMB; Defendants admit that HHS shared personnel records with HHS employees serving on the HHS DOGE Team established in accordance with Section 3(c) of Executive Order 14158, 90 Fed. Reg. 8441 "Establishing and Implementing the President's 'Department of Government Efficiency'"; and Defendants presently lack sufficient knowledge or information to form a belief as to whether HHS shared personnel records with OPM.  Defendants deny the allegations in the third and fourth sentences of paragraph 1.  The fifth sentence of paragraph 1 contains legal conclusions to which no response is required.  To the extent that a response to the fifth sentence of paragraph 1 is deemed necessary, Defendants deny those allegations.

2.      Defendants deny the allegations in paragraph 2, except to admit that, at the beginning of 2025, HHS included the Centers for Medicare & Medicaid Services (CMS), U.S. Food and Drug Administration (FDA), Centers for Disease Control and Prevention (CDC), National Institutes of Health (NIH), National Institute for Occupational Safety and Health (NIOSH), and Administration for Children and Families (ACF); that, at the beginning of 2025, HHS employed over 80,000 employees; and that President Biden requested approximately $1.8 trillion for HHS's FY2025 budget.

3.      As to the first sentence of paragraph 3, Defendants admit that, on March 27, 2025, HHS announced a planned restructuring in accordance with Executive Order 14,210, Exec. Order No. 14,210, 90 Fed. Reg. 9669, 9670 (Feb. 14, 2025), that would include a reduction in workforce of about 10,000 full-time employees.  The second, third and fourth sentences of paragraph 3 quote and characterize documents cited in footnote 1, to which no response is required.  To the extent a response is required, Defendants aver that the Reuters and Politico articles referenced in the footnote speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

4.      Defendants deny the allegation in the first sentence of paragraph 4.  Defendants lack sufficient knowledge or information to form a belief as to the second sentence of paragraph 4.

5.      Defendants admit the first and second sentences of paragraph 5.  As to the third and fourth sentences of paragraph 5, Defendants admit that Catherine Jackson received a RIF notice dated March 31, 2025, but otherwise neither admit nor deny individual personnel information.  The fifth sentence of paragraph 5 contains a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny the fifth sentence of paragraph 5.  As to the sixth sentence of paragraph 5, Defendants neither admit nor deny individual personnel information.  Defendants lack sufficient knowledge or information to form a belief as to the allegations in the seventh sentence of paragraph 5 regarding Ms. Jackson's career search; as to the remaining allegations in that sentence, Defendants neither admit nor deny individual personnel information.

6.      As to the first sentence of paragraph 6, Defendants admit that, as of April 1, 2025, Melissa Adams worked in the Office of Grants Management, Strategic Operations and Innovation Division of ACF, but otherwise Defendants neither admit nor deny individual personnel information.  As to sentences two through six of paragraph 6, Defendants neither admit nor deny individual personnel information.  As to the seventh sentence of paragraph 6, Defendants admit that some competitive areas included the geographic location of Boston, but otherwise deny the seventh sentence of paragraph 6.  Defendants lack sufficient knowledge or information to form a belief as to the eighth sentence of paragraph 6.

7.      As to the first sentence of paragraph 7, Defendants admit that named Plaintiffs include the former Chief Information Officer of FDA, a former engineer at NIOSH, and a former IT specialist at CDC.  Defendants deny the second sentence of paragraph 7.

8.      Paragraph 8 consists of Plaintiffs' characterization and conclusions of law about

the Privacy Act, to which no response is required.  To the extent a response is required, Defendants aver that the statute speaks for itself and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

9.    Defendants deny the first sentence of paragraph 9.  The second, third, and fourth sentences of paragraph 9 quote and characterize the document cited in footnote 3, to which no response is required.  To the extent a response is required, Defendants aver that the HealthCareDive article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.  The fourth sentence of paragraph 9 further contains a legal conclusion about the Privacy Act, to which no response is required.  To the extent a response is required, Defendants admit that HHS shared ARRPs with OMB but deny that HHS shared personnel records with OMB; Defendants admit that HHS shared personnel records with HHS employees serving on the HHS DOGE Team established in accordance with Section 3(c) of Executive Order 14158, 90 Fed. Reg. 8441 "Establishing and Implementing the President's 'Department of Government Efficiency'"; Defendants presently lack sufficient knowledge or information to form a belief as to whether HHS shared personnel records with OPM; and Defendants otherwise deny the allegations in the fourth sentence of paragraph 9.

10.    Paragraph 10 quotes and characterizes the document cited in footnote 5, to which no response is required.  To the extent a response is required, Defendants aver that the CBS News article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

11.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 11 pertaining to the perceptions of Plaintiffs or their alleged harm.  The remainder of paragraph 11 consists of legal conclusions about the Privacy Act, to which no

response is required.  To the extent a response is required, Defendants deny those allegations in paragraph 11.

12.    Paragraph 12 quotes and characterizes the video cited in footnote 6, to which no response is required.  To the extent a response is required, Defendants aver that the CBS News video referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that video for a complete and accurate statement of its contents.

13.    Defendants deny the first sentence of paragraph 13.  Defendants lack sufficient knowledge or information to form a belief as to sentences 2–7 of paragraph 13.

14.    The first sentence of paragraph 14 quotes and characterizes the document cited in footnote 8, to which no response is required.  To the extent a response is required, Defendants aver that the ProPublica article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.  The second sentence is denied.

15.    Paragraph 15 is a legal conclusion about the Privacy Act, to which no response is required.  To the extent a response is required, Defendants aver that the statute speaks for itself and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

16.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 16.  Defendants admit the second sentence of paragraph 16.

17.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 17.  Defendants admit the second sentence of paragraph 17.

18.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 18.  Defendants admit the second sentence of paragraph 18.

19.    Defendants lack sufficient knowledge or information to form a belief as to the first

sentence of paragraph 19.  Defendants admit the second sentence of paragraph 19.

20.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 20.  Defendants admit the second sentence of paragraph 20.

21.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 21.  Defendants admit the second sentence of paragraph 21.

22.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 22.  Defendants admit the second sentence of paragraph 22.

23.    Robert F. Kennedy was dismissed and terminated from this matter, and thus no response is required.

24.    Admitted.

25.    Russel Vought was dismissed and terminated from this matter, and thus no response is required.

26.    Admitted.

27.    Elon Musk was dismissed and terminated from this matter, and thus no response is required.

28.    Amy Gleason was dismissed and terminated from this matter, and thus no response is required.

29.    Denied.

30.    The first sentence is denied.  The second sentence is admitted.

31.    Charles Ezell was dismissed and terminated from this matter, and thus no response is required.

32.    Admitted.

33.    Andrew Gradison was dismissed and terminated from this matter, and thus no

response is required.

34.     Admitted.

35.     Martin Makary was dismissed and terminated from this matter, and thus no response is required.

36.     Admitted.

37.     Susan Monarez was dismissed and terminated from this matter, and thus no response is required.

38.     Admitted.

39.     Paragraph 39 states a legal conclusion, and on that basis denied.

40.     Paragraph 40 states legal conclusions, and on that basis denied.

41.     Paragraph 41 states a legal conclusion, and on that basis denied.

42.     Paragraph 42 quotes and characterizes the document cited in footnote 9, to which no response is required.  To the extent a response is required, Defendants aver that the press release referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

43.     Paragraph 43 quotes and characterizes the documents cited in footnote 11, to which no response is required.  To the extent a response is required, Defendants aver that the Reuters and Politico articles referenced in the footnote speak for themselves and Defendants respectfully refer the Court to those documents for complete and accurate statements of their contents.

44.     As to the first sentence of paragraph 44, Defendants deny any "awareness of systemic errors in the underlying personnel records" and admit that RIF notices were sent to a number of federal workers employed in HHS on or about April 1, 2025.  The second sentence of paragraph 44 quotes and characterizes the document cited in footnote 12, to which no response is

7

required.  To the extent a response is required, Defendants aver that the HealthCareDive article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

45.    Defendants admit the first and second sentences of paragraph 45.  As to the third sentence of paragraph 45, "promptly" is vague and ambiguous, and on that ground no response is necessary; to the extent a response is required, Defendants admit that some employees who received RIF notices on or about April 1, 2025, lost access to their offices, electronic resources, and government email addresses.  As to the fifth sentence of paragraph 45, Defendants state that senior leadership in Operating and Staff Divisions, generally, received lists of employees affected by the RIF and otherwise deny the allegations of sentence five.

46.    Paragraph 46 quotes and characterizes the document cited in footnote 13, to which no response is required.  To the extent a response is required, Defendants aver that the Federal News Network article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

47.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 47.  The second and fourth sentences of paragraph 47 quote and characterize the document cited in footnote 13, to which no response is required.  To the extent a response is required, Defendants aver that the Federal News Network article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants lack sufficient knowledge or information to form a belief as to the third sentence of paragraph 47 regarding the appearance of Defendants' conduct or which team members Plaintiffs allege were impacted by the RIF.

48.    Denied.

49.     Defendants deny the first sentence of paragraph 49.  Defendants admit the second, third, and fourth sentences of paragraph 49.  As to the fifth sentence of paragraph 49, Defendants admit that the RIF notices received by HHS employees included their recent PMAP ratings, but deny that the scores listed were often inaccurate.

50.     Defendants deny the first sentence of paragraph 50.  Defendants admit the second and third sentences of paragraph 50 and admit that a competitive area is both an organizational unit and geographic location.  Defendants deny the fourth sentence of paragraph 50.  The fifth sentence of paragraph 50 characterizes the document cited in footnote 20, to which no response is required.  To the extent a response is required, Defendants aver that the "HHS Competitive Areas" document referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

51.     Defendants deny the first sentence of paragraph 51.  As to the second sentence of paragraph 51, Defendants admit that competitive levels consist of "all positions in a competitive area which are in the same grade (or occupational level) and classification series, and which are similar enough in duties, qualification requirements, pay schedules, and working conditions so that an agency may reassign the incumbent of one position to any of the other positions in the level without undue interruption," as described in 5 C.F.R. § 351.403(a)(1) and https://www.hhs.gov/about/agencies/asa/ohr/hr-library/351-1/index.html, but otherwise deny the allegations in the second sentence of paragraph 51.  Defendants deny the third sentence of paragraph 51.  As to the fourth and fifth sentences of paragraph 51, Defendants admit that for some individuals, the initial March 31, 2025, RIF notices and July 2025 amended notices showed a blank competitive level, but otherwise deny the allegations in these sentences.  The sixth sentence of paragraph 51 contains legal conclusions to which no response is required.  To the extent that a

response to the sixth sentence of paragraph 51 is deemed necessary, Defendants deny those allegations.

52.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 52. Defendants deny the second sentence of paragraph 52.

53.    The first sentence of paragraph 53 contains legal conclusions to which no response is required. To the extent that a response to the first sentence of paragraph 53 is deemed necessary, Defendants deny those allegations. Defendants deny the second, third, and fourth sentences of paragraph 53, except to admit that retention registers for each competitive level subject to the RIF were "prepared from the current retention records of employees," pursuant to 5 C.F.R. § 351.404(a), and that the order that employees appeared on the retention registers was "based on their tenure of employment, veteran preference, performance ratings; and total creditable federal civilian and uniformed service, in descending (i.e., highest to lowest) order," pursuant to 5 C.F.R. Part 351, Subpart E and https://www.hhs.gov/about/agencies/asa/ohr/hr-library/351-1/index.html.

54.    Paragraph 54 quotes and characterizes the documents cited in footnotes 22 and 23, to which no response is required. To the extent a response is required, Defendants aver that the social media post from President Trump and the joint memorandum from OPM and OMB referenced in the footnotes speak for themselves and Defendants respectfully refer the Court to those documents for complete and accurate statements of their contents.

55.    Paragraph 55 quotes and characterizes the document cited in footnote 24, to which no response is required. To the extent a response is required, Defendants aver that the memorandum referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

56.    Denied.

57.    Paragraph 57 quotes and characterizes the document cited in footnote 25, to which no response is required.  To the extent a response is required, Defendants aver that the OPM website referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.  Further, as to the first sentence of paragraph 57, Defendants deny that performance ratings and an employee's ranking on a retention register directly impacted, in most instances, an employee's chance of termination.  With respect to the remainder of the first sentence and the full second sentence of paragraph 57, Defendants admit that retention registers are the ranking of employees in a competitive level after four retention factors—tenure of employment (i.e., type of appointment); veteran preference; performance ratings; and total creditable federal civilian and uniformed service—are applied, pursuant to 5 C.F.R. § 351.404, but otherwise deny the allegations in these sentences.  As to the third sentence of paragraph 57, Defendants admit that retention registers, with respect to some RIF actions, are used to determine which employee(s) are reached for a RIF action, with some exceptions, but otherwise deny the allegations in the third sentence—for example, where entire competitive areas are abolished, employees within that competitive area are separated without regard to retention standing.  As to the fourth sentence of paragraph 57, Defendants admit that in some RIF actions an employee's standing can affect whether they are offered reassignment within an agency and that former federal employees are eligible for selection priority for vacancies within their former agency (HHS) via their agency's reemployment list for two years after their RIF separation date, if they register for the list on or prior to their RIF separation date, but otherwise deny the allegations in the fourth sentence.

58.    The first and second sentences of paragraph 58 characterize the document cited in footnote 25, to which no response is required.  To the extent a response is required, Defendants

aver that the OPM website referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. As to the third sentence of paragraph 58, Defendants admit that mistaken lower ratings could hypothetically reduce the adjusted number of years of service and affect an employee's standing in the retention register, but lack sufficient knowledge or information to form a belief as to whether that situation occurred for any employee affected by the April 1, 2025 RIF. As to the fourth sentence of paragraph 58, Defendants admit that, generally, notices dated on or about March 31, 2025 included language regarding information used to determine retention standing, which included performance ratings, but deny the remaining allegations in the fourth sentence of paragraph 58.

59. Denied.

60. Defendants lack sufficient knowledge or information to form a belief as to paragraph 60. The third sentence of paragraph 60 quotes and characterizes the document cited in footnote 27, to which no response is required. To the extent a response is required, Defendants aver that the Washington Post article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

61. Defendants deny use of flawed records documenting employees' assigned offices and positions. Defendants lack sufficient knowledge or information to form a belief as to the impact alleged in paragraph 61.

62. Paragraph 62 characterizes the document cited in footnote 28, to which no response is required. To the extent a response is required, Defendants aver that the HHS fact sheet referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

63. Paragraph 63 characterizes the document cited in footnote 28, to which no response

is required.    To the extent a response is required, Defendants aver that the HHS fact sheet referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

64.    Denied.

65.    Defendants admit that the retention registers are based on the competitive levels, in accordance with 5 C.F.R. § 351.404(a); but otherwise deny the allegations in the first sentence of paragraph 65.  As to the second sentence in paragraph 65, Defendants admit that, in some instances, retention registers are used to determine which employee(s) are reached for a RIF action, with some exceptions, but otherwise deny the allegations in the second sentence—for example, where entire competitive areas are abolished, employees within that competitive area are separated without regard to retention standing.

66.    Defendants deny the first sentence of paragraph 66.  As to the second sentence of paragraph 66, Defendants admit that the March 31, 2025, notices generally noted that "[a]ll employees in your competitive area will be separated."  Defendants deny the third sentence of paragraph 66.

67.    Defendants deny the first sentence of paragraph 67.  As to the second sentence of paragraph 67, Defendants admit that retention registers are based on the competitive levels, in accordance with 5 C.F.R. § 351.404(a) and that, in some RIF actions,  retention registers are used to determine which employee(s) are reached for a RIF action, with some exceptions, but otherwise deny the allegations in the second sentence—for example, where entire competitive areas are abolished, employees within that competitive area are separated without regard to retention standing.

68.    Defendants admit that retention registers are based on the competitive levels, in

accordance with 5 C.F.R. § 351.404(a) and that, in some RIF actions, retention registers are used to determine which employee(s) are reached for a RIF action, with some exceptions, but otherwise deny the allegations in paragraph 68—for example, where entire competitive areas are abolished, employees within that competitive area are separated without regard to retention standing.

69.      Defendants deny the first sentence of paragraph 69.  As to the second sentence of paragraph 69, Defendants admit that the seven named plaintiffs were employed in three different divisions of HHS: ACF, FDA, and CDC.  Defendants deny that the experiences of the named plaintiffs are the same.  Defendants deny the third sentence of paragraph 69.  Defendants lack sufficient knowledge or information to form a belief as to the fourth sentence of paragraph 69.

70.      Denied.

71.      Paragraph 71 quotes and characterizes documents cited in footnote 30, to which no response is required.  To the extent a response is required, Defendants aver that the Politico and HealthCareDive articles referenced in the footnote speak for themselves and Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents.

72.      Paragraph 72 quotes and characterizes the document cited in footnote 31, to which no response is required.  To the extent a response is required, Defendants aver that the White House article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

73.      Paragraph 73 quotes and characterizes the document cited in footnote 32, to which no response is required.  To the extent a response is required, Defendants aver that the video referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that video for a complete and accurate statement of its contents.

74.     As to the first and second sentences of paragraph 74, Defendants admit that HHS and FDA have different systems that contain some personnel information.  As to the third sentence of paragraph 74, Defendants admit that the systems do not always synchronously communicate with each other but deny that this leads to serious inaccuracies.  Defendants deny the fourth sentence of paragraph 74.

75.     Paragraph 75 addresses a hypothetical to which no response is necessary.  To the extent that a response to paragraph 75 is deemed necessary, Defendants admit that FDA employee personnel records are kept in the Enterprise Human Capital Management (EHCM) system which is the system of records housed at the HHS level.  With respect to the fourth sentence, Defendants admit that the ATLAS system is housed at the FDA level and contains some personnel information.

76.     Admitted.

77.     Defendants deny the first sentence of paragraph 77.  With respect to sentences two through five of paragraph 77, Defendants admit that performance ratings can also be found in ePMAP, PMAS, and USA Performance.  Defendants deny the sixth and seventh sentences of paragraph 77.

78.     With respect to paragraph 78, Defendants admit that some organizational codes are replicated from EHCM in systems such as the Enterprise Administrative Support Environment (EASE), that organizational codes were relevant to competitive areas used in the RIF, and that other systems at FDA might house additional information.  Defendants admit the third and seventh sentences of paragraph 78.  With respect to the remaining allegations in paragraph 78, Defendants lack sufficient knowledge or information to form a belief.

79.     Admitted.

80.     As to the first sentence of paragraph 80, Defendants admit that some of the systems

used to record information about employees at HHS do not synchronously communicate with other systems.  Defendants admit the second and third sentences of paragraph 80.  Defendants deny the fourth through seventh sentences of paragraph 80.

81.     Paragraph 81 quotes and characterizes the document cited in footnote 33, to which no response is required.  To the extent a response is required, Defendants aver that the Booz Allen Hamilton report referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

82.     Defendants lack sufficient knowledge or information to form a belief as to the level of diligence and number of years alleged in the first sentence of paragraph 82.  Defendants lack sufficient knowledge or information to form a belief as to the large changes that Plaintiffs allege lacked support in the second sentence of paragraph 82.

83.     Paragraph 83 quotes and characterizes the document cited in footnote 36, to which no response is required.  To the extent a response is required, Defendants aver that the Federal News Network article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

84.     Denied.

85.     Paragraph 85 quotes and characterizes the document cited in footnote 37, to which no response is required.  To the extent a response is required, Defendants aver that the OPM memorandum referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

86.     Paragraph 86 quotes and characterizes the document cited in footnote 37, to which no response is required.  To the extent a response is required, Defendants aver that the OPM memorandum referenced in the footnote speaks for itself and Defendants respectfully refer the

Court to that document for a complete and accurate statement of its contents.  The third sentence of paragraph 86 contains a legal conclusion to which no response is required.  To the extent that a response to the third sentence of paragraph 86 is deemed necessary, Defendants deny those allegations.

87.    The first sentence of paragraph 87 is Plaintiffs' characterization of HHS's actions, to which no response is required.  At this time, Defendants lack sufficient knowledge to form a belief as to the allegations in the second sentence of paragraph 87.  Defendants otherwise deny the allegations in paragraph 87.

88.    Paragraph 88 quotes and characterizes the documents cited in footnotes 40 and 42, to which no response is required.  To the extent a response is required, Defendants aver that the memorandum and court filing referenced in the footnotes speak for themselves and Defendants respectfully refer the Court to those documents for complete and accurate statements of their contents.

89.    Paragraph 89 quotes and characterizes the document cited in footnote 43, to which no response is required.  To the extent a response is required, Defendants aver that the memorandum referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

90.    Paragraph 90 quotes and characterizes the document cited in footnote 43, to which no response is required.  To the extent a response is required, Defendants aver that the memorandum referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

91.    Paragraph 91 quotes and characterizes the document cited in footnote 43, to which no response is required.  To the extent a response is required, Defendants aver that the

memorandum referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

92.     Paragraph 92 quotes and characterizes the document cited in footnote 43, to which no response is required.   To the extent a response is required, Defendants aver that the memorandum referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

93.     The first sentence of paragraph 93 is a transition sentence and requires no response. To the extent a response is required, Defendants deny the first sentence of paragraph 93.  With respect to the second and third sentences of paragraph 93, Defendants admit that Clark Minor was and is an employee of HHS.  Defendants further admit that HHS, in accordance with Section 3(c) of Executive Order 14158, 90 Fed. Reg. 8441 "Establishing and Implementing the President's 'Department of Government Efficiency,'" established a DOGE Team and that members of this team at times met with other HHS personnel.  Defendants otherwise lack sufficient knowledge to form a belief as to the remaining allegations in the second and third sentences of paragraph 93.

94.     Paragraph 94 quotes and characterizes the documents cited in footnotes 50, 51, and 52, to which no response is required.  To the extent a response is required, Defendants aver that the Government Executive, Guardian News, and Capital B articles referenced in the footnotes speak for themselves and Defendants respectfully refer the Court to those documents for complete and accurate statements of their contents.

95.     With respect to the first sentence of paragraph 95, Defendants lack sufficient knowledge to form a belief as to the allegation.  With respect to the second sentence of paragraph 95, Defendants admit that the Office of Digital Transformation leads FDA's enterprise IT functions.  As to the third through seventh sentences of paragraph 95, Defendants admit that Dorn

Carranza was an FDA employee who was detailed to the Office of the Commissioner.  Defendants further admit with respect to the allegations made in the third through seventh sentences of paragraph 95, that the HHS Chief Technology Officer  requested information on FDA information technology systems and that the FDA Chief Information Security Officer at the time provided SAC codes for system owners and names of system owners.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in the third through seventh sentences of paragraph 95.  Defendants deny the allegations in sentences nine and ten of paragraph 95.

96.    Paragraph 96 quotes and characterizes the documents cited in footnotes 53 and 54, to which no response is required.  To the extent a response is required, Defendants aver that the letter and social media post referenced in the footnotes speak for themselves and Defendants respectfully refer the Court to those documents for complete and accurate statements of their contents.

97.    Paragraph 97 quotes and characterizes the documents cited in footnotes 55 and 56 to which no response is required.  To the extent a response is required, Defendants aver that the court filing and WIRED articles referenced in the footnotes speak for themselves and Defendants respectfully refer the Court to those documents for complete and accurate statements of their contents.

98.    Defendants admit with respect to the first sentence of paragraph 98 that many workers at HHS were required to submit five bullet points to OPM about their work on a weekly basis.  The second and third sentences of paragraph 98 quote and characterize the document cited in footnote 57, to which no response is required.  To the extent a response is required, Defendants aver that the social media post referenced in the footnote speaks for itself and Defendants

respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants admit the fourth sentence of paragraph 98. The fifth sentence of paragraph 98 quotes and characterizes the document cited in footnote 58, to which no response is required. The fifth sentence further makes legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the NBC News article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

99.    As to the first sentence of paragraph 99, Defendants admit that HHS shared ARRPs with OMB but deny that HHS shared personnel records with OMB; Defendants admit that HHS shared personnel records with HHS employees serving on the HHS DOGE Team established in accordance with Section 3(c) of Executive Order 14158, 90 Fed. Reg. 8441 "Establishing and Implementing the President's 'Department of Government Efficiency'"; and Defendants presently lack sufficient knowledge or information to form a belief as to whether HHS shared personnel records with OPM. The second sentence of paragraph 99 quotes and characterizes the document cited in footnote 59, to which no response is required. To the extent a response is required, Defendants aver that the Reuters article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants lack sufficient knowledge or information to form a belief as to the third sentence of paragraph 99. The fourth sentence of paragraph 99 characterizes the document cited in footnote 60, to which no response is required. To the extent a response is required, Defendants aver that the Politico article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. As to the fifth sentence of paragraph 99, the allegation that "officials from DOGE, OPM, and OMB played an

important role in directing where to cut at HHS" is vague and ambiguous, and therefore no response is required; to the extent a response is deemed necessary, Defendants admit that OMB had involvement in reviewing agency ARRPs, that HHS DOGE Teams were involved in the HHS RIF, and that OPM consulted on the HHS RIF, but deny that USDS, OPM, or OMB played an important role in or directed HHS RIFs.

100.    The first sentence of paragraph 100 contains legal conclusions to which no response is required.  To the extent that a response to the first sentence of paragraph 100 is deemed necessary, Defendants deny those allegations.  The second sentence is denied.  As to the third sentence of paragraph 100, Defendants admit that the named Plaintiffs were placed on administrative leave and denied access to the offices to which they had previously been assigned. Defendants admit that some of the named plaintiffs were separated from their positions in July 2025, one retired under discontinued service retirement, two were reinstated, and one who was reinstated resigned after being reinstated.

101.    Paragraph 101 quotes and characterizes the document cited in footnote 61, to which no response is required.  To the extent a response is required, Defendants aver that the social media post referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

102.    Paragraph 102 quotes and characterizes the video cited in footnote 62, to which no response is required.  To the extent a response is required, Defendants aver that the CBS News interview referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that video for a complete and accurate statement of its contents.

103.    Denied, except to admit that HHS rescinded some, but not all, RIF notices.

104.    As to paragraph 104, Defendants admit that in May 2025, HHS rescinded RIF

notices previously sent to employees of the FDA's food safety labs in Chicago and San Francisco but otherwise state that paragraph 104 characterizes the documents cited in footnote 63, to which no response is required. To the extent a response is required, Defendants aver that the CBS News article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

105.    As to paragraph 105, Defendants admit that in May 2025, HHS rescinded hundreds of RIF notices previously sent to employees from NIOSH but otherwise state that paragraph 105 characterizes the documents cited in footnote 64, to which no response is required. To the extent a response is required, Defendants aver that the NBC News article and court filing referenced in the footnote speak for themselves and Defendants respectfully refer the Court to those documents for complete and accurate statements of their contents.

106.    Paragraph 106 characterizes the documents cited in footnote 65, to which no response is required. To the extent a response is required, Defendants aver that the CBS News article and court filing referenced in the footnote speak for themselves and Defendants respectfully refer the Court to those documents for complete and accurate statements of their contents.

107.    The phrase "widespread reconsideration" is vague and ambiguous, and therefore no response is required. To the extent a response is deemed necessary, Defendants deny that there is a need for more widespread reconsideration of the April 1, 2025, RIF.

108.    As regards the first three sentences of paragraph 108, which refer to other cases addressing the April 1 RIF, Defendants admit that, as of the time of the filing of the complaint, HHS was subject to at least one injunction preventing the agency from separating employees issued RIF notices on or about April 1. Defendants further admit that those employees were placed on administrative leave. Defendants further admit that, as of the time of the filing of the complaint,

there was another lawsuit seeking injunctive relief brought by a group of states in the U.S. District Court for the District of Rhode Island. Defendants deny the fourth sentence of paragraph 108.

109.    The first two sentences of paragraph 109 contain Plaintiffs' characterization of their own lawsuit, to which no response is required. To the extent a response is deemed necessary, Defendants accept Plaintiff's characterization that this lawsuit is not focused on whether HHS should have engaged in layoffs or restructuring generally, whether its decision to do so was legal, or whether the agency complied with RIF-specific rules and regulations, but rather focuses on whether HHS violated its obligations under the Privacy Act. The third sentence of paragraph 109 contains legal conclusions to which no response is required. To the extent that a response to the third sentence of paragraph 109 is deemed necessary, Defendants deny those allegations.

110.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 110. Defendants admit the second and third sentences of paragraph 110.

111.    Defendants admit the first sentence paragraph 111. As to sentences two through four of paragraph 111, Defendants neither admit nor deny individual personnel information. As to the fifth, sixth, and seventh sentences of paragraph 111, Defendants deny that the performance rating or retention credit information in the March 31, 2025 notice affected the decision about whether Ms. Jackson or certain competitive areas would be subject to RIF. Defendants otherwise deny the allegations in paragraph 111.

112.    Defendants deny the first and third sentences of paragraph 112. As to the second sentence, Defendants admit that Ms. Jackson's March 31, 2025, notice indicated a competitive area of "OFFICE OF CHILD CARE REGIONAL-" and stated "NOTE: All employees in your competitive area will be separated." Defendants admit, as to the fourth sentence in paragraph 112, that Ms. Jackson's competitive level code on her March 31, 2025, notice and July 22, 2025,

amended notice is listed as "CCP1" and that the appendix in footnote 66 states that "most GS-'01' series are omitted," and otherwise neither admit nor deny individual personnel information. Defendants deny the remaining allegations in the fourth sentence of paragraph 112.

113.    Defendants lack sufficient knowledge or information to form a belief as to the first, third, fourth, and sixth sentences of paragraph 113.  Defendants neither admit nor deny individual personnel information in the second and fifth sentences of paragraph 113.  Defendants admit that performance awards were not paid to ACF staff subject to RIF.

114.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 114.  Defendants admit the second and third sentences of paragraph 114.

115.    Defendants admit the first sentence of paragraph 115.  As to sentences two, five, six, and seven, Defendants neither admit nor deny individual personnel information.  Defendants deny that the performance rating or retention credit information in the March 31, 2025, notice affected the decision about whether Ms. Adams or certain competitive areas would be subject to the RIF.  Defendants otherwise deny the allegations in paragraph 115.

116.    As to the first and second sentences of paragraph 116, Defendants admit that the competitive area shown on Ms. Adams's March 31, 2025, notice shows "Office of Grants Management-" and also said "NOTE:  All employees in your competitive area will be separated." Defendants deny the third sentence of paragraph 116.  As to the fourth sentence of paragraph 116, Defendants admit that some competitive areas in the Office of Grants Management were not subject to RIF, but lack sufficient knowledge to form a belief as to the specific allegations regarding unidentified individuals alleged not to have been impacted.  With respect to the fifth sentence, Defendants admit that Ms. Adams's March 31, 2025, notice does not reference the "Strategic Operations and Innovation Division."  With respect to the seventh sentence of paragraph

116, Defendants neither admit nor deny individual personnel information.

117.    Defendants lack sufficient knowledge or information to form a belief as to the first and second sentences of paragraph 117.  As to the third sentence of paragraph 117, Defendants neither admit nor deny individual personnel information, including information about when specific individuals' retirement benefits would vest; however, Defendants admit that Ms. Adams's separation date was July 14, 2025, after the date on which Plaintiffs allege Ms. Adams's retirement annuity was set to vest.  With respect to the fourth sentence of paragraph 117, Defendants admit that performance awards were not paid to ACF staff subject to RIF, but otherwise lack sufficient knowledge to form a belief as to the remaining allegations.  Defendants lack sufficient knowledge or information to form a belief as to the fifth and sixth sentences of paragraph 117.

118.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 118.  Defendants admit with respect to the second sentence that Ms. Greene was a Supervisory Family Assistance Program Specialist.  Defendants admit the third sentence of paragraph 118.

119.    Defendants admit the first sentence of paragraph 119.  As to the second, third, and fourth sentences of paragraph 119, Defendants neither admit nor deny individual personnel information.  With respect to the fifth sentence of paragraph 119, Defendants deny that the performance rating or retention credit information in the March 31, 2025, notice affected the decision about whether Ms. Greene or certain competitive areas would be subject to RIF.  Defendants otherwise deny the allegations in paragraph 119.

120.    Defendants admit the first and second sentences of paragraph 120.  Defendants deny the third sentence of paragraph 120.  Defendants lack sufficient knowledge or information to form a belief as to other unidentified individuals who received RIF notices as alleged in the fourth

sentence.  As to the fifth and seventh sentences of paragraph 120, Defendants admit that Ms. Greene's duty station was listed as Auburn, California.  Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in the fifth through eighth sentences of paragraph 120.

121.     Defendants deny the first sentence of paragraph 121.  As to the second sentence of paragraph 121, Defendants admit that Ms. Greene's competitive level as listed in her March 31, 2025, notice and July 22, 2025, amended notice is listed as "FAS1" and that the appendix in footnote 68 of Plaintiffs' Complaint states that "most GS-'01' series are omitted," and otherwise neither admit nor deny individual personnel information.  Defendants deny the remaining allegations in the second sentence of paragraph 121.

122.     Defendants lack sufficient knowledge or information to form a belief as to paragraph 122.

123.     Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 123.  Defendants admit the second and third sentences of paragraph 123.  As to the fourth sentence of paragraph 123, Defendants admit that Mr. Desai joined the federal government in 2019, but otherwise lack sufficient knowledge or information to form a belief as to the allegations in the fourth sentence of paragraph 123.

124.     Defendants admit the first sentence of paragraph 124.  As to the second, third, and fourth sentences of paragraph 124, Defendants neither admit nor deny individual personnel information.  Defendants deny that the performance rating or retention credit information in the March 31, 2025, notice affected the decision about whether Mr. Desai or certain competitive areas would be subject to RIF.  Defendants otherwise deny the allegations in paragraph 124.

125.     Defendants deny the first sentence of paragraph 125.  As to the second sentence of

paragraph 125, Defendants admit that Mr. Desai's March 31, 2025, notice listed his competitive area as "OFC OF DIGITAL TRANSFORMATION-OFC OF THE COMMISSIONER" but deny that OFC OF DIGITAL TRANSFORMATION is not reflected on the published list identified in footnote 69 of the Complaint.  Defendants admit the third sentence of paragraph 125.  Defendants admit that, as alleged in the fifth sentence of paragraph 125, Mr. Desai's notice stated that "[a]ll employees in your competitive area will be separated."  With respect to the fourth and eighth sentences of paragraph 125, Defendants deny that the retention information in the March 31, 2025, notice affected the decision about whether Mr. Desai or certain competitive areas would be subject to RIF.  Defendants deny the sixth and eighth sentences of paragraph 125.  With respect to the seventh sentence of paragraph 125, Defendants admit that an FDA employee is Acting FDA CIO. Defendants otherwise deny the allegations in paragraph 125.

126.    Defendants lack sufficient knowledge or information to form a belief as to the first and second sentences of paragraph 126.  As to the third sentence of paragraph 126, Defendants neither admit nor deny individual personnel information.  Defendants deny that Mr. Desai lost retirement benefits for the rest of his life and lack sufficient knowledge or information to form a belief as to the remaining allegations in the fourth sentence of paragraph 126.  Defendants lack sufficient knowledge or information to form a belief as to the fifth sentence of paragraph 126.

127.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 127.  Defendants admit the second and third sentences of paragraph 127. Defendants admit that Mr. Chenault had veteran's preference but lack sufficient knowledge and information to form a belief as to the remaining allegations in the fourth sentence of paragraph 127.

128.    Defendants admit the first sentence of paragraph 128.  As to the second, third, and

fourth sentences of paragraph 128, Defendants neither admit nor deny individual personnel information.  With respect to the fourth through sixth sentences of paragraph 128, Defendants deny that the performance rating or retention credit information in the March 31, 2025, notice affected the decision about whether Mr. Chenault or certain competitive areas in the Office of Digital Transformation would be subject to RIF.  Defendants otherwise deny the allegations in paragraph 128.

129.    Defendants lack sufficient knowledge or information to form a belief as to paragraph 129.

130.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 130.  Defendants admit the second, third, and fourth sentences of paragraph 130.

131.    Defendants admit that Mr. Demich received a "Specific Notice of Reduction in Force" letter dated March 31, 2025, as alleged in the first sentence of paragraph 131.  Defendants admit as to the second sentence of paragraph 131 that Mr. Demich also received a RIF notice on May 2, 2025.  Defendants deny the allegations in the third sentence of paragraph 131.  As to the fourth and fifth sentences of paragraph 131, Defendants neither admit nor deny individual personnel information.  With respect to the sixth through eighth sentences of paragraph 131, Defendants deny that the performance rating or retention credit information in the March 31, 2025, notice affected the decision about whether Mr. Demich or certain competitive areas would be subject to RIF.  Defendants otherwise deny the allegations in paragraph 131.

132.    With respect to the first sentence of paragraph 132, Defendants admit that Mr. Demich was receiving wages and benefits while he was on administrative leave , after his RIF was rescinded in mid-January 2026, and until January 23, 2026, when he resigned and otherwise deny

the allegations in the first sentence.  Defendants lack sufficient knowledge or information to form a belief as to the second and third sentences of paragraph 132.

133.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 133.  Defendants admit the second, third, and fourth sentences of paragraph 133.

134.    As to the first sentence of paragraph 134, Defendants admit that Ms. Kornegay received a RIF notice dated March 31, 2025.  As to the second and third sentences of paragraph 134, Defendants neither admit nor deny individual personnel information.  With respect to the fourth through sixth sentences of paragraph 134, Defendants deny that the performance rating or retention credit information in the March 31, 2025, notice affected the decision about whether Ms. Kornegay or certain competitive areas would be subject to RIF.  Defendants otherwise deny the allegations in paragraph 134.

135.    Defendants deny the first sentence of paragraph 135 since Ms. Kornegay was on administrative leave until June 10, 2025, when her RIF notice was rescinded.  Defendants lack sufficient knowledge or information to form a belief as to the second sentence of paragraph 135.

136.    Defendants admit that leadership at HHS was involved in the HHS RIF and that OPM and OMB had some involvement in receiving agency ARRPs or in consulting on HHS RIFs.  Defendants also admit that HHS-employed DOGE Teams worked on RIF-related matters.  Defendants otherwise deny the first, second, and third sentences of paragraph 136.

137.    Paragraph 137 characterizes the document cited in footnote 70, to which no response is required.  To the extent a response is required, Defendants aver that the Washington Post article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

138.    Paragraph 138 quotes and characterizes the documents cited in footnotes 71 and 72, to which no response is required. To the extent a response is required, Defendants aver that the social media post and NPR article referenced in the footnotes speak for themselves and Defendants respectfully refer the Court to those documents for complete and accurate statements of their contents.

139.    Defendants lack sufficient knowledge or information to form a belief as to the first sentence of paragraph 139. The second sentence of paragraph 139 quotes and characterizes the document cited in footnote 73, to which no response is required. To the extent a response is required, Defendants aver that the Washington Post article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents. The third sentence of paragraph 139 is denied. The fourth sentence characterizes the article referenced in footnote 74, to which no response is required. To the extent a response is required, Defendants aver that the article speaks for itself and Defendants respectfully refer the Court to that article for a complete and accurate statement of its contents.

140.    Paragraph 140 quotes and characterizes the documents cited in footnotes 75 and 76, to which no response is required. To the extent a response is required, Defendants aver that the CBS News and USA Today articles referenced in the footnotes speak for themselves and Defendants respectfully refer the Court to those documents for complete and accurate statements of their contents.

141.    As to the first sentence of paragraph 141, the allegation that "OMB was also involved" is vague and ambiguous, and therefore no response is required. To the extent a response is required, Defendants admit that OMB conferred with HHS regarding HHS's plans for reorganization, but deny that OMB received or used personnel records from HHS in connection

with "the April 1 cuts" referenced. The second and third sentences quote and characterize the documents cited in footnote 77, to which no response is required. To the extent a response is required, Defendants aver that the The Hill article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

142.    The first sentence of paragraph 142 quotes and characterizes Executive Order 14210, to which no response is required. To the extent a response is required, Defendants admit that the Executive Order contains the text: "The report shall discuss whether the agency or any of its subcomponents should be eliminated or consolidated"; Defendants further aver that the Executive Order referenced in the first sentence of paragraph 142 speaks for itself and Defendants respectfully refer the Court to that document for complete and accurate statements of its content. Defendants deny the second sentence of paragraph 142.

143.    Paragraph 143 quotes and characterizes the document cited in footnote 79, to which no response is required. To the extent a response is required, Defendants aver that the ProPublica article referenced in the footnote speaks for itself and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

144.    As to the first sentence of paragraph 144, "significant time" and "extensive communications" are vague and ambiguous, and therefore no response is required. To the extent a response is required, OMB admits that its staff conferred with HHS staff regarding plans for and implementation of HHS's reorganization, but denies that OMB "carr[ied] out the April 1 cuts," or conducted "extensive communications with HHS leadership" regarding the reorganization; OPM admits that it was retained by HHS for consulting and execution support to plan for and implement the April 1, 2025, workforce restructuring but denies that OPM "carr[ied] out the April 1 cuts," or

conducted "extensive communications with HHS leadership" regarding the reorganization; USDS denies that it spent significant time reviewing the details of HHS's restructuring or engaged in extensive communications with HHS leadership about the restructuring. As to the second sentence of paragraph 144; the allegation that any Defendant was "endowed with and exercised substantial authority independent of the President" is a legal conclusion, to which no response is necessary; to the extent a response is deemed necessary, Defendants deny the allegation and further deny the allegation that USDS, OPM, or OMB recommended specific cuts to HHS; Defendants decline to respond to allegations regarding consultation with the President pursuant to the executive privilege.

145.    Denied.

146.    Paragraph 146 contains legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny those allegations.

147.    Paragraph 147 contains Plaintiffs characterization of their action and legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny those allegations.

148.    Paragraph 148 contains legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny those allegations.

149.    Paragraph 149 contains legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny those allegations.

150.    Paragraph 150 contains legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny those allegations.

151.    Paragraph 151 contains legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny those allegations.

152.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

153.    Paragraph 153 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants aver that the cited statute speaks for itself and Defendants respectfully refer the Court to that statute for a complete and accurate statement of its contents.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Paragraph 158 contains legal conclusions to which no response is required.  To the extent that a response is deemed necessary, Defendants deny those allegations.

159.    Defendants restate and incorporate by reference the responses contained in paragraphs 1–151.

160.    Paragraph 160 contains legal conclusions, to which no response is required.  To the extent a response is required, Defendants aver that the cited statute speaks for itself and Defendants respectfully refer the Court to that statute for a complete and accurate statement of its contents.

161.    Paragraph 161 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants aver that the cited statutes speak for themselves and Defendants respectfully refer the Court to those statutes for a complete and accurate statement of its contents.

162.    Paragraph 162 contains legal conclusions, to which no response is required.  To the extent a response is required, Defendants aver that the cited statute speaks for itself and Defendants respectfully refer the Court to that statute for a complete and accurate statement of its contents.

163.     Paragraph 163 contains legal conclusions, to which no response is required.  To the extent a response is required, Defendants aver that the cited statute speaks for itself and Defendants respectfully refer the Court to that statute for a complete and accurate statement of its contents.

164.     Paragraph 164 contains legal conclusions, to which no response is required.  To the extent a response is required, Defendants aver that the cited statute speaks for itself and Defendants respectfully refer the Court to that statute for a complete and accurate statement of its contents.

165.     Paragraph 165 contains legal conclusions to which no response is required.  To the extent that a response is deemed necessary, Defendants deny those allegations.

166.     Paragraph 166 contains legal conclusions to which no response is required.  To the extent that a response is deemed necessary, Defendants deny those allegations.

167.     Paragraph 167 contains legal conclusions to which no response is required.  To the extent that a response is deemed necessary, Defendants deny those allegations.

168.     Paragraph 168 contains legal conclusions to which no response is required.  To the extent that a response is deemed necessary, Defendants deny those allegations.

169.     Paragraph 169 contains legal conclusions to which no response is required.  To the extent that a response is deemed necessary, Defendants deny those allegations.

170.     Defendants restate and incorporate by reference the responses contained in paragraphs 1–151.

171.     Paragraph 171 contains legal conclusions to which no response is required.  To the extent that a response is deemed necessary, Defendants deny those allegations

172.     The remaining paragraphs contain Plaintiffs' requests for relief, not allegations of fact, so no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in these paragraphs, and further state that Plaintiffs are not entitled to the

requested relief or any other relief from Defendants.

### AFFIRMATIVE DEFENSES

1.    The Court lacks subject matter jurisdiction over one or more claims or requests for relief in the Complaint.

2.    One or more claims of requests for relief in the Complaint no longer presents a live controversy and is moot.

3.    One or more claims or requests for relief in the Complaint fails to state a claim upon which relief can be granted.

Dated: February 20, 2026                Respectfully submitted,


                                        BRETT A. SHUMATE
                                        Assistant Attorney General

                                        ELIZABETH J. SHAPIRO
                                        Deputy Director, Federal Programs Branch

                                        */s/ Brittany S. Bruns*
                                        BRITTANY S. BRUNS
                                        Trial Attorney (D.C. Bar # 1658394)
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L ST. N.W.
                                        Washington, DC 20005
                                        Tel:  (202) 531-1325
                                        brittany.s.bruns@usdoj.gov

                                        *Counsel for Defendants*