| | |
|---|---|
| **From:** | Clayton Bailey |
| **To:** | Howell Chambers |
| **Cc:** | Bruns, Brittany S (CIV); Kathleen Shelton; Emmy Wydman |
| **Subject:** | Jackson v. HHS, 1:25-cv-01750 -- Request for Discovery Teleconference |
| **Date:** | Tuesday, July 14, 2026 3:43:56 PM |
| **Attachments:** | 2026.06.23 - Defendants First Privilege Log.pdf |

<mark>**CAUTION - EXTERNAL:**</mark>

Dear Judge Howell,

Pursuant to the Court's Standing Order, the Parties in the above captioned case jointly write to request a discovery teleconference regarding Defendants' assertion of deliberative process privilege over the Agency Reorganization and Reduction in Force Plans (ARRPs) for HHS. The Parties also wish to inform the Court that they will soon seek an extension of the current fact discovery schedule.

**Plaintiffs' Position**

In an expedited privilege log, attached to this email, Defendants assert deliberative process privilege over three key documents in which Defendant HHS describes to Defendants OMB and OPM details about the RIF at the center of this lawsuit. Plaintiffs also believe that Defendants are asserting this privilege over broad swaths of additional documents, which is an inappropriate use of the privilege and will significantly delay discovery.

Defendants' assertion of the deliberative process privilege in this case is foreclosed by settled circuit precedent. Although the qualified privilege sometimes protects "agency documents that are both predecisional and deliberative," *Jud. Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006), the D.C. Circuit held in *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency* that the "deliberative process privilege is not appropriately asserted . . . when a plaintiff's cause of action turns on the government's intent." 145 F.3d 1422, 1424 (D.C. Cir. 1998), *on reh'g in part*, 156 F.3d 1279. "If Congress creates a cause of action that deliberatively exposes government decisionmaking to the light, the privilege's raison d'être evaporates." *Id.* Intent is plainly an element of a Privacy Act violation. *See* 5 U.S.C. § 552a(g)(4); *Maydak v. United States*, 630 F.3d 166, 179–80 (D.C. Cir. 2010). Courts in this district have thus recognized that deliberative process privilege does not apply in Privacy Act cases where the government's intent is at issue. *See Convertino v. U.S. Dep't of Just.*, 674 F. Supp. 2d 97, 102 (D.D.C. 2009); *Alexander v. FBI*, 193 F.R.D. 1, 10 n.14 (D.D.C. 2000). And as Defendants' motion-to-dismiss briefing makes clear, the government's intent is squarely at issue here. *See* ECF No. 12-1 at 28.

Contrary to Defendants' position, this exception to the deliberative process privilege is categorical and does not depend on Plaintiffs' need for any particular document or whether that document is exculpatory or inculpatory. *In re Subpoena*, 145 F.3d at 1425 (noting that the privilege did "not enter the picture at all"). "When the government's subjective motivation is directly in issue, a balancing of the needs of the government and the requesting party is not appropriate." *United States v. Philip Morris Inc.*, 2002 WL 35667876, at *1 (D.D.C. Nov. 6, 2002); *see also Tri-State Hosp. Supply Corp. v. United States*, 2005 WL 3447890, at *8 (D.D.C. Dec. 16, 2005) (similar).

Nor are these documents "collateral" to Plaintiffs' claims. Plaintiffs plausibly alleged that Defendants decided what set of employees to cut by using fundamentally flawed personnel records. *See, e.g.*, Compl. ¶¶ 53, 56, 100, 111, ECF No. 1. To prove those

allegations, Plaintiffs need discovery into how the government chose this set of employees, including the underlying records used, and the government's intent when choosing and executing that method.  These are exactly the kind of considerations likely recorded in the ARRPs.  Defendants' argument that the ARRPs are relevant only to the government's "intent to conduct a RIF"—and not the government's intent to conduct the RIF in a particular, unlawful way—is just wrong.  For one thing, the distinction makes little sense when the decision to conduct the RIF, and the decision setting the scope of that RIF, were very likely one and the same, made by the same decisionmakers in the same compressed two-month period.  It also mischaracterizes the scope of the ARRPs, which contain information about *how* the RIF was conducted, not just *whether* it should be.  For example, HHS was required to report in the Phase II ARRP, just two weeks after the RIF notices were sent, whether HHS had "[c]onfirm[ed] that the agency has reviewed all personnel data, including each employee's official position description, four most recent performance ratings of record, retention service computation date, and veterans' preference status."  OMB & OPM Mem. at 4, https://perma.cc/ZLK2-FGTP.  HHS's answer to that question is obviously highly relevant to the government's intent to violate the Privacy Act.

Although the Court need not conduct any document-specific analysis, a district court has already ordered two of the three documents at issue here to be produced.  *AFGE v. Trump*, 791 F. Supp. 3d 1065, 1070–73 (N.D. Cal. 2025).  And the Ninth Circuit upheld that order. *AFGE v. Trump*, 155 F.4th 1082, 1091 (9th Cir. 2025).  These courts cast doubt on whether these documents were protected by the privilege at all, but in any case, held that the needs of the case overrode the qualified privilege.  *Id.*; *see also* ECF No. 293 at ¶ 3a, *AFGE v. Trump*, No. 3:25-cv-3689 (N.D. Cal.) (Defendants' representation that they "produced the ARRPs pursuant to this Court's July 18, 2025 Order on January 16, 2026.").  These rulings were correct and should apply in this case, a putative class action arising from the illegal termination of as many as 10,000 people.  *See Cherokee Nation v. United States Dep't of the Interior*, 531 F. Supp. 3d 87, 98 (D.D.C. 2021) (noting "Rule 26's liberal and expansive purpose of permitting the parties to develop the facts, theories, and defenses of the case").

For these reasons, the Court should order the production of these documents and any others withheld on the same basis.  Plaintiffs do not object to Defendants redacting portions related directly to union negotiating strategy, as was allowed in *AFGE*, 791 F. Supp. 3d at 1073, 1074.  Plaintiffs do not believe that a protective order is necessary for these non-privileged documents, particularly one that would prevent Plaintiffs' counsel from discussing the contents with their clients.  *See Doe v. D.C.*, 697 F.2d 1115, 1119 (D.C. Cir. 1983); *see also Whaleco Inc. v. Shein Tech. LLC*, 2024 WL 324238, at *2 n.1 (D.D.C. Jan. 29, 2024) (explaining that *Doe* remains good law).

**Defendants' Position**

The Agency RIF and Reorganization Plans requested by Plaintiffs are predecisional deliberations protected from disclosure by the deliberative process privilege.

Deliberative process is an "ancient privilege" "predicated on the recognition 'that the quality of administrative decision-making would be seriously undermined if agencies were forced to operate in a fishbowl.'" *Dow Jones & Co. v. Dep't of Just.*, 917 F.2d 571, 573 (D.C. Cir. 1990).  The privilege adheres to predecisional deliberative documents.  *Jud. Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 151 (D.C. Cir. 2006).  A document is "predecisional if 'it was generated before the adoption of an agency policy' and deliberative if 'it reflects the give-and-take of the consultative process.'"  *Id.* (citation omitted).  The ARRP documents requested by Plaintiffs are both predecisional and deliberative, as explained in the Privilege Log attached

to this email.  Indeed, the "Phase 2" ARRP explicitly states that "This document describes HHS's current conception of the Reorganization Plan, but the Plan is still undergoing review, including for legal compliance, and is subject to change."

The deliberative process privilege is a qualified privilege.  It may be "overcome by a sufficient showing of need." *In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997).  It is on this ground that the District Court of the Northern District of California, affirmed by the Ninth Circuit, ordered limited attorney eyes only disclosure of two of the three documents Plaintiffs seek in this case. *AFGE v. Trump*, 791 F. Supp. 3d 1065, 1070–73 (N.D. Cal. 2025); *AFGE v. Trump*, 155 F.4th 1082, 1091 (9th Cir. 2025).  Plaintiffs argue that, because the needs of the Plaintiff in that case overcame the government's assertion of privilege, their need too necessarily overcomes the privilege.  But the "need determination is to be made flexibly on a case-by-case, ad hoc basis." *In re Sealed Case*, 121 F.3d at 737.  "[E]ach time [the deliberative process privilege] is asserted the district court must undertake a fresh balancing of the competing interests," taking into account factors such as "the relevance of the evidence," "the availability of other evidence," "the seriousness of the litigation," "the role of the government," and the "possibility of future timidity by government employees." *Id.* (citations omitted).  Plaintiffs have not attempted to explain their need for these documents, either to this Court or to the government.

Rather than attempt to overcome the privilege based on need for the documents, Plaintiffs assert that they are entitled to the ARRP documents and potentially other deliberative documents because intent is an element of their Privacy Act claim.  But the intent at issue in this case is specific—the United States is only liable if "the agency acted in a manner which was intentional or willful" in "fail[ing] to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual" or in "fail[ing] to comply with any other provision" of the Privacy Act.  5 U.S.C. § 552a(g)(4), (g)(1)(C), (g)(1)(D).  That is, the intent at issue is HHS's alleged intent to fail to adequately maintain personnel records and to separate employees based on such allegedly inaccurate records, or HHS's or OPM's alleged intent to provide personnel records to another agency for the purposes of conducting a matching program without adhering to the requirements of 5 U.S.C. § 552a(o), (p), or (q).  Complaint, ECF No. 1, ¶¶ 153-157, 160-168.  The ARRP documents that Plaintiffs seek do not show that HHS intended to separate employees based on inadequately maintained personnel records, nor do they show that HHS intended to share records for the purposes of conducting a matching program without adhering to the requirements of 5 U.S.C. § 552a(o), (p), or (q).  HHS's intent to conduct a RIF is not at issue—conducting a RIF is not a Privacy Act violation.  HHS's intent to conduct a RIF is, at most, collateral to Plaintiffs' claims and thus HHS's predecisional deliberations over whether to conduct a RIF and the scope of that potential RIF are protected from disclosure by the deliberative process privilege. *See Convertino v. U.S. Dep't of Just.*, 674 F. Supp. 2d 97, 103 (D.D.C. 2009) (holding, in the context of a Privacy Act claim, that the "government's intent in the requested documents is *collateral* to the cause of action and thus protected by the privilege").  "Although the law is not clear about which government deliberations become exposed when the government's intent is squarely at issue it seems clear that it would be the deliberations leading up to the Privacy Act violation, not other random deliberations that should be disclosed." *Id*. at 103–04.

Moreover, the D.C. Circuit has held that, where government intent is at issue, "it makes no sense to permit the government to use the privilege as a shield," indicating that the

deliberative process privilege may be pierced only where documents provide evidence *in support of* a plaintiff's claim. *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir.), *on reh'g in part,* 156 F.3d 1279 (D.C. Cir. 1998). Thus, there is no ground on which to pierce the privilege as to documents which would provide evidence tending to disprove a plaintiff's claim, such as, for example, documents stating that an agency intends to ensure accuracy of personnel records.

If this Court does order production of the requested ARRP documents despite the deliberative process privilege, the government respectfully asks the Court to permit redaction of all portions of the ARRP documents that are not relevant to Plaintiffs' claims and respectfully asks the Court to enter a protective order restricting any produced ARRPs to Plaintiffs' counsel and prohibiting Plaintiffs' counsel from further disclosing the ARRPs (including to their clients). *See AFGE*, 791 F. Supp. 3d at 1073, 1074 (prohibiting plaintiffs' counsel from disclosing the contents of ARRPs to anybody else, including their clients and permitting the government to redact portions of ARRPs related to union negotiating strategy).

**Clayton L. Bailey**
Civil Service Law Center LLP
civilservicellp.com

*This message is from a law firm and may contain information that is confidential and/or legally privileged. If you are not the intended recipient, please immediately notify the sender by reply email and delete this message and any attachments from your system. Thank you for your understanding and cooperation.*

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

*Jackson, et al. v. U.S. Department of Health and Human Services, et al.*, No. 25-cv-01750-JD (D.D.C.)

Privilege Log

| DOCUMENT IDENTIFIER | AUTHOR/COMMENTER/ FROM/SENDER | RECIPIENT(S) (IF ANY) | DATE | PRIVILEGE(S) | PRIVILEGE DESCRIPTION |
|---|---|---|---|---|---|
| 20250310 HHS ARRP Phase 1 vF.docx | Rachel Riley | | 3/13/2025 | DPP - Deliberative Process Privilege | This is a document providing HHS responses to the eight prompts listed in Section IV of the OPM and OMB memorandum of February 26, 2025, available at https://www.opm.gov/chcoc/latest-memos/guidance-on-agency-rif-and-reorganization-plans-requested-by-implementing-the-president-s-department-of-government-efficiency-workforce-optimization-initiative.pdf.  It is predecisional because it describes information that HHS may consider before deciding on further restructuring or reduction-in-force steps HHS might take.  It is deliberative because it reflects deliberations, including HHS's views of selected facts and recommendations of future action, taken before the final decision to conduct a reduction-in-force or other reorganization.  This document does not embody any final decisions on reductions-in-force or reorganizations, as reflected by the OPM and OMB memorandum's requirement to submit monthly progress reports which include data on actions actually taken, data which may differ from those plans proposed in the ARRPs. |
| ARRP Phase 2 Consolidated Inputs Clean.pdf | Cortney McCormick | | 4/15/2025 | DPP - Deliberative Process Privilege | This is a document providing HHS responses to the seventeen prompts listed in Section V of the OPM and OMB memorandum of February 25, 2025, available at https://www.opm.gov/chcoc/latest-memos/guidance-on-agency-rif-and-reorganization-plans-requested-by-implementing-the-president-s-department-of-government-efficiency-workforce-optimization-initiative.pdf.  It is predecisional because it describes HHS's then-current conception of the reorganization plan, states that it is still undergoing review, including for legal compliance, and states that it is subject to change.  It is deliberative because it reflects deliberations, including HHS's views of selected facts and recommendations of future action, taken before the final decision to reorganize.  This document does not embody any final decisions on reorganizations, as reflected by the OPM and OMB memorandum's requirement to submit monthly progress reports which include data on actions actually taken, data which may differ from those plans proposed in the ARRPs. |
| HHS ARRP Data Submission Sheet 8-21-25.xlsx | | | 8/21/2025 | DPP - Deliberative Process Privilege | This is an excel spreadsheet providing, in part, future estimated personnel headcount data and proposals for future implementation of voluntary separation tools.  It is deliberative and predecisional because it reports HHS's then-current conception of potential future actions and tentative estimates of their impact |