**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CATHERINE JACKSON, *et al.*, individually and on behalf of all others similarly situated, | |
| *Plaintiffs,* | Civil Action No. 1:25-cv-1750-BAH |
| *v.* | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | |
| *Defendants.* | |

**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER**

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. The Court has already entered a Privacy Act Protective Order in this Action ("Privacy Act PO," Dkt. 31). However, the Privacy Act Protective Order limits its protections in paragraph 12:

> This Order does not apply to any information or documents other than information or documents that are subject to the Privacy Act, and the terms and conditions set forth herein shall not apply to the disclosure of any classified national security information or any information subject to a claim of privilege or other basis of exclusion, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Supplemental Stipulated Protective Order to address any confidential or private information not contained in "records" covered by the Privacy Act, 5 U.S.C. § 552a. The parties acknowledge that

3

this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles under this Order. The parties further acknowledge, as set forth in paragraph 7.6, below, that this Order does not entitle them to file confidential information under seal; the District Court for the District of Columbia's Local Rules set forth the procedures at LCvR 5.1 (h) that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    "ATTORNEYS' EYES ONLY": designation for extremely sensitive CONFIDENTIAL information, items, or tangible things, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.2    "Action" shall mean the above-captioned case *Jackson v. HHS*, No. 1:25-cv-1750 (BAH).

2.3    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.4    "CONFIDENTIAL": designation for information, items, or tangible things made by the Producing Party or a Non-Party only in the case of a good faith belief that the information, item, or thing is, at the time of its production in this Action or thereafter, both:

(a)    not in the public domain, or if in the public domain, is improperly in the public domain; and

(b)      one or more of the following:

    i. trade secrets or other confidential research, development, financial or commercial information of a Party or Non-Party;

    ii. personal, financial, medical, tax, employment, personnel, or other private information relating to an individual that would be properly redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

    iii. other personally identifiable information, such as social security numbers, birth dates, personal residential addresses, non-work telephone numbers, non-work email addresses, and names of family members; and

    iv. any individual's privacy-protected personal health information, as defined by 45 C.F.R. § 160.103 under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

    v. "CONFIDENTIAL" information further includes any other information the confidentiality of which the Producing Party is under a legal duty to protect and any other information that is protected or restricted from disclosure by Court order, statutes, or regulations.

2.5    "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER": designation for information, items, or tangible things made by the Producing Party or a Non-Party only in the case of a good faith belief that the information, item, or thing is, at the time of its production in this Action or thereafter, both:

(a) not in the public domain, or if in the public domain, is improperly in the public domain; and

(b) being produced in this Action pursuant the Court's opinion and order of July 17,

2026.

For avoidance of doubt, and consistent with paragraph 3.2, Plaintiffs' position is that the

deliberative process privilege categorically does not apply to this Action and does not warrant

protection against disclosure.  Plaintiffs agree to these provisions only to advance the efficient

completion of discovery.  Plaintiffs reserve their right to contest the need for documents with this

designation to be sealed.  Plaintiffs also reserve their right to seek an amended protective order

should the designation be abused or impose unreasonable burden.

2.6    Counsel (without qualifier): Attorneys who are employees of a Party to this Action

(in-house counsel), Counsel of Record (as defined below), and attorneys retained to represent or

advise a Party to this Action and who have appeared in this Action on behalf of that party or are

affiliated with a law firm which has appeared on behalf of that Party (outside counsel), as well as

their support staff.

2.7    Counsel of Record: Counsel for a Party who have appeared in this Action or have

otherwise been specifically identified by name to the opposing party as representing a Party in

this Action.

2.8    Designating Party: a Party or Non-Party that designates information or items that

it produces in disclosures or in responses to discovery as "CONFIDENTIAL,"

"DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER," or

"ATTORNEYS' EYES ONLY."

2.9    Disclosure or Discovery Material: all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.10    Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.11    Non-Party: any natural person, partnership, corporation, association, organization, government agency, government official, or other legal entity not named as a Party to this Action.

2.12    Party: any party to this Action, including its officers, directors, and Counsel (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER," or "ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

3.1    The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Materials; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, regardless of the format or medium in which such information is generated, stored, or maintained.

3.2    This Order shall apply to information designated as Protected Material under this Order and shall not prejudice in any way any Party's ability to challenge the use or disclosure of any other information. A Party's compliance with the terms of this Order shall not operate as an admission that any particular material is or is not: (a) confidential; (b) privileged; or (c) admissible in evidence at trial.

3.3    The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.    DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify,  so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably  within the ambit of this Order. For example, an entire document should not be designated for protection if the information to be protected can instead be reasonably redacted.

Mass, indiscriminate, or routinized designations are prohibited.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second sentence of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "DELIBERATIVE PROCESS – PRODUCED

SUBJECT TO COURT ORDER," or "ATTORNEYS' EYES ONLY." Any document produced in the first instance in native format (like spreadsheet or other non-imageable file types) will be accompanied by a single-page placeholder, endorsed with text reading "Document Provided in Native Format" or similar language, and also endorsed with the Bates number and the confidentiality designation to the extent it exists.

(b) for testimony given in a deposition, hearing, or other pretrial or trial proceedings, that designation of "CONFIDENTIAL," "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER," or "ATTORNEYS' EYES ONLY" information shall be made by letter from Counsel within ten (10) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as "CONFIDENTIAL," "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER," or "ATTORNEYS' EYES ONLY." The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as "CONFIDENTIAL," "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER," or "ATTORNEYS' EYES ONLY" under this Order until the expiration of the above-referenced 10-day period for designation, except that the deponent (and his or her Counsel, if any) may review the transcript of his or her own deposition during the 10-day period subject to this Order and the requirement of executing the certification attached as Exhibit A. After a designation of "CONFIDENTIAL," "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER," or "ATTORNEYS' EYES ONLY" is made, the words "CONFIDENTIAL," "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER," or "ATTORNEYS' EYES ONLY" shall be placed on the front of the original and each copy of a deposition transcript designated as including "CONFIDENTIAL,"

10

"DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER," or "ATTORNEYS' EYES ONLY" information. If the deposition was filmed, both the recording storage medium (*i.e.*, CD or DVD) and its container shall be labeled "CONFIDENTIAL," "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER," or "ATTORNEYS' EYES ONLY." Any Party may designate portions of any deposition taken in this Action as "CONFIDENTIAL," "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER," or "ATTORNEYS' EYES ONLY" by following the foregoing procedure.

(c) Within thirty (30) days of the entry of this Order, for Protected Material produced or provided to a Receiving Party before entry of this Order, including Protected Material filed provisionally under seal with the Court, the Producing Party may notify the Receiving Party that the material should be treated as "CONFIDENTIAL," "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER," or "ATTORNEYS' EYES ONLY" under this Order going forward, and provide a new copy so marked.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Change in Designation. If it comes to a Designating Party's attention that information designated as "CONFIDENTIAL," "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER," or "ATTORNEYS' EYES ONLY" does not qualify or no longer qualifies for protection, the Designating Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice, including reference to this specific paragraph of the Protective Order, of: (a) each designation it is challenging and (b) a description of the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in oral dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Designating Party must communicate its decision(s) to the Challenging Party within fourteen (14) calendar days after the Parties meet and confer regarding the challenge.

6.3    Judicial Intervention. If the Parties cannot resolve this dispute, including if the Designating Party is unwilling to participate in the meet and confer process in a timely manner, either Party may seek a determination from the Court. In so doing, the Parties shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Court for the District of Columbia, the individual practices of the Court, and/or any court orders for addressing

discovery disputes. The burden of persuasion in any challenge to a confidentiality designation shall be on the Designating Party.

6.4    Until a resolution of any dispute is achieved through consent or court order, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of paragraph 12 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The provisions of this Order shall be binding upon each person to whom disclosure is made.

7.2    Disclosure of "CONFIDENTIAL" or "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "DELIBERATIVE PROCESS – PRODUCED SUBJECT TO COURT ORDER" only to:

(a) counsel for the Parties in this Action;

(b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this Action;

(c) persons retained by the Parties or their counsel to assist in discovery, to prepare for any hearing, or to serve as professional jury or trial consultants, mock jurors, mediators, or Professional Vendors, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this Action;

(d) persons retained by the Parties or their counsel to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) any deponent in this Action during or in preparation for their deposition and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) the named plaintiff(s) and not to any other member of the putative class, unless and until a class is certified;

(h) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action; and

(i) such other persons as hereafter may be agreed to in writing by the Parties or as authorized by the Court upon motion of any Party.

7.3     <u>Disclosure of ATTORNEYS' EYES ONLY Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "ATTORNEYS' EYES ONLY" may be disclosed only to:

(a) counsel for the Parties in this action;

(b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this Action;

(c) persons retained by the Parties or their counsel to assist in discovery, to prepare for any hearing, or to serve as professional jury or trial consultants, mock jurors, mediators, or Professional Vendors, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this Action;

(d) persons retained by the Parties or their counsel to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) any deponent in this Action during or in preparation for their deposition and who authored or previously received the ATTORNEYS' EYES ONLY Information or Items and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) such other persons as hereafter may be agreed to in writing by the Parties or as authorized by the Court upon motion of any Party.

7.4     Disclosure by Designating Party. The provisions of this Order shall not be construed to apply to any disclosure of Protected Material by the Party that designated the information as such.

7.5     Unrelated Deliberative Process Information or Items. The Parties may redact deliberative process privilege information in produced documents that is wholly and explicitly unrelated to the RIF at issue in the Plaintiffs' Complaint. Any such redactions or withheld documents must be included on a privilege log that identifies the subject matter of the redacted or withheld information, item, or material with sufficient detail to show that it is wholly and explicitly unrelated to the RIF, in addition to the information otherwise required for privilege logs.

7.6     Filing Protected Material. Absent the consent of all Parties or leave of court, all Protected Material that is filed with the Court must be: (a) filed under seal or in camera in accordance with the Court's Local Rules and procedures; and/or (b) redacted from any filing that is publicly available. If a Party intends to file with the Court any Protected Material containing information or items designated by another Party, the filing Party must no later than seven (7) days before the intended filing, notify the Designating Party of the Protected Material which the filing Party intends to file to allow the parties to meet and confer, unless a shorter notice period is necessary due to the nature of the filing.

7.7     A Party that seeks to file under seal any Protected Material must comply with the District Court for the District of Columbia's Local Rules. That a document contains Protected Material does not necessarily mean that the document qualifies for sealing under the applicable legal standards. If a Receiving Party's request to file Protected Material under seal is denied by

16

the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

7.8    Use of Protected Material in a Deposition, Hearing, or Other Proceeding. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. Counsel for deponent shall email a copy of each deponent's signed acknowledgment form to Plaintiffs' counsel and/or Defendants' counsel before the corresponding deposition. Plaintiffs' counsel will retain copies of the acknowledgment forms until such time as this Action, including all appeals, is concluded. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material, and pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

18

(1)　　promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)　　promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)　　make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.　　UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to this Court.

12.    FINAL DISPOSITION

Within sixty (60) days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protect Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in paragraph 4.

IT IS SO ORDERED this 13th day of August, 2026.

_____

UNITED STATES DISTRICT JUDGE

.

21

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name],

(a)    of _____[print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the District of Columbia on _____in the case

of Jackson v. Department of Health and Human Services, et al., Case No. 1:25-cv-01750-BAH. I

agree to comply with and to be bound by all the terms of this Supplemental Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Supplemental Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

(b)    I further agree to submit to the jurisdiction of the United States District Court for the

District of Columbia for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this Action.

Date:_____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____